# THE STATE v. DENNIS WILSON, Appellant.

**Division Two, December 4, 1906.**

1. **BILL OF EXCEPTIONS: Extension of Time: Lost Order: Supplying Record.** It requires judicial action, upon due notice, to supply the lost part of the record of the trial court; and that cannot be done in the appellate court, after appeal, but must be done in the trial court. So that where appellant was given until a certain date to prepare and file his bill of exceptions, and before that date obtained from the trial judge a written order directing the extension of that time to a later date and filed that order with the clerk, who failed to enter it upon the record of the court, that lost record cannot be supplied in the appellate court by *ex parte* affidavits of the judge and appellant's attorney showing that the order was made and filed with the clerk of the trial court within the time allowed. The affidavits are no part of the record, and unless the attempt was made in the trial court, after notice, to supply the lost order as a part of the record, the bill of exceptions will be held not to have been filed within time.

2. **SPECIAL PROSECUTING ATTORNEY: Qualification.** The law authorizes the trial court, where the regular prosecuting attorney has been employed as counsel for defendant, to appoint some other attorney to prosecute the case; and in the absence of any affirmative showing to the contrary, it will not be assumed that the attorney so appointed did not qualify in obedience to the statutory requirements.

Appeal from Vernon Circuit Court.—*Hon. L. W. Shafer,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1) The information, which is duly verified by both the affidavit of the temporary prosecuting attorney and also that of Ed. Shelton, is sufficient in form and substance. State v. Lawn, 80 Mo. 242; Kelley's Crim. Law, sec. 642. The regular prosecuting attorney having been of counsel for the defendant, it was proper

for the trial court to appoint Mr. Scott prosecuting attorney for this case; and Mr. Scott then possessed all of the powers of the regular prosecuting attorney. R. S. 1899, secs. 4955 and 4957; State v. Moxley, 102 Mo. 383; State v. Griffin, 87 Mo. 616. This court will presume that the trial court selected a suitable attorney to act as prosecutor, and that he was sworn to faithfully discharge his duties; especially in the absence of a showing to the contrary. State v. Fitzporter, 17 Mo. App. 273. (2) At the outset of the argument, counsel for the State insists that there is nothing before this court for review except the record proper. No order appears of record extending the time from August 15, 1905, to the second day of the October term, 1905; and there is no paper among the court files showing that such an order was made by the judge of said court. It is therefore urged by counsel for the State that such a record can not be supplied by *ex parte* affidavits made by the attorney for defendant, and by the judge of the court. Even if the affidavits were sufficient to satisfy this court that the judge of that court made such an order in vacation, there is no proof that the order was ever copied on the record; in fact, the record shows that such order was never copied thereon. Our statute requires that when it is desired to have the time for filing a bill of exceptions extended, it is necessary for the judge of the court to make such an order in vacation and that the same shall be copied on the record. R. S. 1899, sec. 728; State v. Eaton, 191 Mo. 151. It is further insisted that if an order was made extending the time, and the same has been lost or destroyed, the lost record cannot be supplied by this court. In a case where an indictment was lost or destroyed either during or just after the trial, and an alleged copy was copied into the transcript by the clerk, this court said: "A lost indictment, like any other record, may be supplied by the court of whose record it constitutes a part. . . . It follows that it was the duty of the defendant to have

the indictment certified to this court and if lost or destroyed without his knowledge or connivance, if he desired to have this court pass upon its sufficiency, he should have taken appropriate steps to supply it in the circuit court, which had the power to do so, even at a subsequent term.'' State v. Burks, 132 Mo. 367. The authorities, and all the authorities, hold that the trial court must supply the lost or destroyed record. State v. McCarver, 92 S. W. 690; State v. Simpson, 67 Mo. 647; Newton v. Strong, 48 Mo. App. 542; State v. Logan, 125 Mo. 25.

GANTT, J.—J. R. Moss, Esq., the regular prosecuting attorney of Vernon county, having been of counsel for the defendant, the circuit court of that county, by an order entered of record on the 21st day of February, 1905, appointed Levi L. Scott, Esq., special prosecuting attorney for the purpose of this prosecution, under and by virtue of sections 4955 and 4957, Revised Statutes 1899, and thereafter, on February 23, 1905, Mr. Scott, as such special prosecuting attorney, filed an information, duly verified by himself, and accompanied by the affidavit of Edward Shelton, wherein he charged the defendant with grand larceny, in feloniously taking, stealing and carrying. away thirteen head of neat cattle, to-wit, thirteen two-year old steers, in Vernon county, on the 22nd day of September, 1904. The defendant was arrested and duly arraigned and entered his plea of not guilty, and at the same term was put upon his trial and convicted and his punishment assessed at four years in the penitentiary. After unsuccessful motions for a new trial and in arrest of judgment, the defendant was sentenced to the penitentiary. From that sentence he appeals.

I. At the very threshold of our investigation of this record, we are confronted by the contention of the Attorney-General that the bill of exceptions is no part of the record, for the reason that it was not filed in

time.   The facts appearing in the transcript disclose that the defendant was convicted on March 3, 1905, at the February term of the Vernon court; he was granted an appeal, and was given until the first day of the next regular term to file his bill of exceptions.   On the first day of the regular May term, 1905, of said court, the court, for good cause shown, ordered that the time for filing the bill should be extended to August 15, 1905. There is no order of record extending the time for filing the bill of exceptions from August 15 to the second day of the October term, and the clerk certifies to no such order having been filed with him in vacation, but he has certified to this court as a part of his transcript the affidavit of Mr. King, one of the counsel for the defendant in this cause in the circuit court, to the effect that on or about the last day of July, 1905, he prepared an order to be signed by the judge of the circuit court of Vernon county, extending the time for filing the bill of exceptions in this case from August 15, 1905, to the second day of October term, 1905, of the circuit court of said county, and mailed said order to Hon. L. W. Shafer, the judge of said court at Greenfield, Missouri, the postoffice address of said judge, with the request that he sign and return the same to the clerk of the circuit court of Vernon county, and that he afterwards met Judge Shafer on the tenth day of August, 1905, in the city of Nevada and was informed by Judge Shafer that he had signed said order extending the time for filing said bill of exceptions and filed the same with the clerk of the circuit court of Vernon county. Affiant further states that on the eleventh day of August, 1905, he called at the office of the clerk of the circuit court of Vernon county, Missouri, and made inquiry as to whether said order had been deposited by the said judge, with the clerk, and was informed by said clerk that the said order was filed and recorded in the clerk's office.   A certificate of Judge Shafer, filed with the clerk, is also incorporated in the transcript

wherein he certifies that on the tenth of August, 1905, he as said judge signed an order extending the time for filing the bill of exceptions in the case of the State of Missouri against Dennis Wilson, and deposited the same with the clerk of the circuit court of Vernon county, and requested that the same be filed and placed upon the record of said court in vacation. On the second day of the October term, 1905, the court made another order extending the time for filing the bill to January 1, 1906. The record then recites other extensions to and including March 10th, 1906, and that afterwards on the tenth day of March, 1906, it being the eighteenth day of the February term, "State of Missouri, plaintiff, v. Dennis Wilson," defendant. "On this day comes the defendant by attorney and files his bill of exceptions in the above-named cause."

Conceding that Judge Shafer made the order on the tenth day of August, extending the time for filing the bill from August 15, 1905, to the second day of the October term, 1905, and that the same had been lost or mislaid at the time the clerk made out his transcript for this court, and that Judge Shafer and Mr. King were advised of the loss of the said order, we think it is too clear for discussion that the affidavit of Mr. King and the certificate of Judge Shafer could not supply this defect in the record. Inasmuch as the law provides for the making and filing of such order in vacation and requires the clerk to treat the same as a part of the record in certifying the transcript to this court, we think a liberal construction of section 728, Revised Statutes 1899, would require that from the time of the filing of such order in vacation, it becomes a part of the record. Being a part of the record then, it was competent for the court, upon due notice to both parties, to supply the lost document by a judgment of the court just as any other lost record may be supplied by the court of whose record it constitutes a part, but it cannot be done, as we have already said, by the filing of *ex parte* affida-

vits with the clerk in vacation, or in the court in session. It requires judicial action upon due notice, to supply the lost record. [State v. Burks, 132 Mo. l. c. 367; State v. McCarver, 194 Mo. l. c. 739; State v. Simpson, 67 Mo. 647.] It is clear that this court has no power on appeal to supply any portion of the lost record of the circuit court. [State v. Eaton, 191 Mo. 151.] It follows, therefore, that in the present state of the record, there appears no valid order extending the time for the filing of bill from August 15, 1905, to the second day of October term, 1905, and that any subsequent extension of the time by the court after the lapse of the order extending the time to August 15, 1905, was without authority of law. [State v. Scott, 113 Mo. l. c. 561; State v. Apperson, 115 Mo. 470; Burdoin v. Town of Trenton, 116 Mo. 370.] Accordingly, the bill of exceptions filed after that date cannot be considered as before us for review.

In view of these facts, it must be held that none of the matters of exceptions attempted to be preserved by the bill of exceptions are before us for consideration, and we are restricted to such errors, if any, as may appear upon the face of the record.

II. Looking, then, to the record proper, the information is amply sufficient on its face to charge grand larceny, and is duly verified both by the affidavit of the special prosecuting attorney and the affidavit of the prosecuting witness, Mr. Shelton. That the special prosecuting attorney was duly appointed appears from the record of the court on the twenty-first of February, 1905, wherein it is recited that Mr. Moss, the regular prosecuting attorney of the county, had been employed as counsel by the defendant and for that reason the court appointed Mr. Scott as special prosecuting attorney for this case. Section 4955, Revised Statutes 1899, provides: "If the prosecuting attorney . . . be interested or shall have been employed as counsel in any case where such employment is inconsistent with the

duties of his office, or shall be related to the defendant . .. . either by blood or by marriage, the court having criminal jurisdiction may appoint some other attorney to prosecute or defend the cause.'' And section 4957, Revised Statutes 1899, provides: ''The person thus appointed shall possess the same power and receive the same fees as the proper officer would if he were present.'' That a special prosecutor appointed by virtue of these sections has all the power for the purposes of the case in which he is appointed as the regular prosecuting attorney, there can be no doubt. [State v. Griffin, 87 Mo. 1. c. 615, 616; State v. Moxley, 102 Mo. 1. c. 383, 384.] And in the absence of any affirmative showing to the contrary, we are not at liberty to assume that the special prosecutor, who was appointed by the court in this case, after reciting the disability of the regular prosecuting attorney, did not qualify in obedience to the statutory provisions. [State v. Fitzporter, 17 Mo. App. 1. c. 273.]

An examination of the record proper discloses no error in the impaneling of the jury, the return of the verdict, and the sentence of the court, and the judgment of the circuit court must, therefore, be and is hereby affirmed.

*Burgess, P. J.,* and *Fox, J.,* concur.