PEELE & COPELAND v. ATLANTIC COAST LINE RAILROAD
COMPANY.

(Filed 9 December, 1908).

**1. Carriers of Goods—Shipper's Load and Count—Bill of Lading—
Presumptive Evidence—Rebuttal.**

When it is admitted that it was the consignor's duty to load a
car for shipment, which had been placed at its mill for the pur-
pose by the carrier, and that the carrier's agent gave a bill of
lading upon the statement of the consignor that the car had been
loaded, without being required to verify the statement, the bill
of lading is not presumptive evidence of the receipt of the con-
tents of the car, for the carrier's *prima facie* liability is rebutted
by the admissions, and the question is an open one for the jury,
in a suit by the consignee for the value of the contents of the
car, and for the penalty for failure to deliver under Revisal, sec.
2632.

**2. Same—Burden of Proof.**

When, in a suit by the consignee against a carrier for the
value of a carload shipment, and penalty for failure to deliver,
under Revisal, sec. 2632, it was admitted that it was the duty
of the shipper to load the car; and that the carrier was not
required to verify the loading, but gave the bill of lading, in
evidence, upon the statement of the shipper, the burden of prov-
ing the contents of the car is upon the consignor, under the doc-
trine that he who has the best opportunity of knowing the facts
must prove them.

ACTION tried on appeal from a justice's court before
*Guion, J.,* and a jury, June Special Term, of 1908, of
WAYNE, to recover the value of certain rice meal, together
with the penalty for failure to deliver, under sec. 2632 of the
Revisal.

The following issues were submitted:

1. Was the 20 sacks of rice meal delivered to Atlantic
Coast Line Railroad Company on 11 March, as alleged?

Answer: "Yes."

2. If so, was the freight transported and delivered to plain-
tiff in a reasonable time?

Answer: "No."

3. If not, how long was such freight delayed in delivery?
Answer: "Thirty days."
4. In what sum is defendant indebted to plaintiff?
.Answer: "$87.55."
From the judgment rendered the defendant appealed.

*Geo. E. Hood* for plaintiff.
*W. C. Munroe* for defendant.

BROWN, J. Upon a first consideration of this case we were with the plaintiffs, and thought there was no *material* error committed upon the trial, and in consequence a *per curiam* judgment was announced. Before the judgment of this Court was certified down we have of our own motion re-examined the record, and find an error which we now think is of sufficient importance to require another trial.

The evidence tends to prove that plaintiffs purchased from the Carolina Rice Mills, at Goldsboro, N. C., twenty sacks of rice meal. At the request of the Carolina Rice Mills, the defendant Company placed one of its cars on a side track at the mills of the Carolina Rice Mills, which were located about one mile from the freight depot of the defendant company. On the 9th day of April, 1907, the Carolina Rice Mills filled out a bill of lading for twenty sacks of rice meal, which purported to have been loaded by the Carolina Rice Mills in said car, directed to the plaintiff at Fremont, N. C. The agent of the Company, without any other knowledge of the presence of said rice meal in said car than such statement of the Carolina Rice Mills, signed said bill of lading. The Carolina Rice Mills retained said car at its mill until the 12th day of April, 1907, and loaded shipments therein on the 11th of April, 1907. On the 12th of April, 1907, the said car was moved from the mills of the Carolina Rice Mills to Fremont, N. C., and other points beyond. On the 15th day of May, 1907, 18 sacks of the rice meal, which purported to have been loaded into the car of the defendant company on

the 11th of April, were delivered to the defendant from the depot of the Southern Railway on the 15th day of May, 1907, which was forwarded by the defendant to the plaintiffs, and delivered to them, on the 19th of May, 1907. Freight could be transported from Goldsboro to Fremont in one day, and there was no intermediate point. At the time the car of the defendant company was on the side track at the Carolina Rice Mills, a car of the Southern Railway was standing on the track at the Carolina Rice Mills for the purpose of being loaded.

Counsel for defendant contends in his brief that the plaintiffs' own evidence discloses that defendant had nothing to do with the loading of the car, and, the loading having been done by the shipper, that the shipper made a mistake, and that the rice meal intended for the plaintiff, and to be put in the defendant's car, was loaded into the car of the Southern Railway, which after going to its destination, returned the rice meal to its depot in Goldsboro; from whence it transferred it to the defendant company on the 15th day of May, and that none of said rice meal was loaded into the car of the defendant, as it purported to have been, on the 11th of April.

The defendant's 1st exception is as follows: "His Honor charged the jury that the bill of lading was presumptive evidence that the defendant received the shipment at the time specified therein. The defendant excepts to this charge for the reason that the bill of lading being what is called 'Shippers Load and Count,' that is, the shipper having had entire charge of the loading, and having made out the bill of lading, and the defendant, having no knowledge of the contents of the car, except such as was communicated to it by the shipper, there was no presumption as against the defendant, that the car contained the articles stated in the bill of lading."

We think the exception is well taken.

The plaintiffs' witness Oettinger, testifies that he received an order for the rice, that he ordered a car and loaded it,

that the defendant had nothing to do with the loading; that he filled out the bill of lading for the shipment to plaintiffs and sent it to the depot of defendant where its agent signed it; that he retained the same car and loaded other shipments into it and delivered the loaded car to defendant on 12 April.

Ordinarily a bill of lading is *prima facie* evidence that the carrier received the goods described in it. 4 Am. & Eng., 527. But the carrier is not bound by the bill of lading even where its agent receives the goods and loads the car. It may show as a matter of fact that the goods were not received. *Black v. R. R.,* 93 N. C., 42. The bill of lading is but *prima facie* evidence. *The Lady Franklin,* 8 Wallace, 327.

In this case the plaintiffs rebutted the *prima facie* case by their own evidence. Oettinger was not only their witness, but their agent to ship the rice meal. He says he loaded the car and made out the bill of lading and sent it to defendant's agent, who signed it, relying upon Oettinger's loading and counting. The transaction constituted what is called in the parlance of common carriers, "Shippers Load and Count."

The shipper has the right to compel the agent of the carrier to verify the loading and counting, but where, as in this case, plaintiffs' evidence shows that it was all done by the shipper, the *prima facie* liability of the carrier usually arising upon the issuance of the bill of lading is rebutted, and it becomes an open question then for the jury, with the burden upon the plaintiffs to prove, as a fact, that the goods were actually delivered to the carrier by the shipper, who did the loading and counting.

His Honor's ruling would seem to reverse the general rule that the burden of proof is on him who has the best opportunity of knowing the facts.

When goods are delivered to a carrier for transportation and are injured while in transit, the carrier is required to exculpate itself from negligence, because it has the best opportunity of knowing and proving how the injury occurred.

It would seem reasonable therefore, that the shipper, having the best opportunity, and the only opportunity of knowing the contents of this car, should be called upon to prove its contents. *Fitzgerald v. Adams Express Co.,* 24 Ind., 447; Current Law, Vol. 1, page 427, and Vol. 7, page 533, and cases there cited. *Gulf R. R. v. Massenburg,* 98 S. W., 68.

New Trial.