D. RIFF v. YADKIN RAILROAD COMPANY.

(Filed 29 April, 1925.)

**1. Evidence—Depositions—Signature of Witness—Statutes.**

The certificate of the proper commissioner or notary public before whom a deposition has been taken, is sufficient for the deposition to be received in evidence upon the trial, without requiring the signature of the deponent, though such is the better practice for the purpose of identification, C. S., 1809.

**2. Carriers of Goods—Evidence—Bills of Lading—Connecting Lines—Damages—Commerce—Federal Statutes.**

A bill of lading for the transportation of goods over several lines of common carriers for delivery at destination, is evidence of a joint contract of carriage including a liability on the delivering carrier, and this position is not affected by the Carmack Amendment applying to interstate commerce.

**3. Same—Lost Contents—Evidence—Burden of Proof.**

Where the bill of lading and receipt issued by a railroad company calls for two boxes or packages "in apparent good condition, contents and condition of contents unknown," and an action has been brought against the terminal carrier to recover a part of the contents alleged to have been taken therefrom while in the carrier's possession, the proof of the receipt and bill of lading is only prima facie evidence of the receipt of the packages as therein stated, with the further burden of proof on the plaintiff of showing his loss, which he may do by showing the missing articles had been packed in the cases before delivery to the carrier and were missing when received by the consignee, with further evidence tending to show that the contents of the package had been tampered with while in the carrier's possession.

APPEAL by defendant from *Lane, J.,* at October Term, 1924, of STANLY.

On 31 July, 1920, the Pennsylvania Railroad Company issued a uniform straight bill of lading by which it acknowledged the receipt by it at New York from Yale Knitting Mills of "two cases knit goods in apparent good condition, contents and condition of contents of packages unknown," to be transported by said railroad company and connecting carriers to D. Riff, at Albemarle, N. C. On 16 August, 1920, these two cases of knit goods were delivered to D. Riff, plaintiff, at Albemarle, N. C., by Yadkin Railroad Company, defendant. This action was begun on 12 January, 1921, by plaintiff, to recover of defendant the value of twenty-eight sweaters alleged to have been included in the contents of one of said cases when same was received by the Pennsylvania Railroad Company at New York, and to have been missing when the said case was delivered to plaintiff at Albemarle, N. C., by defendant. Defendant denied that any of the contents of the said case were removed therefrom after the same was received by the Pennsylvania Railroad Company at New York or that any of said contents were missing when the case was delivered to plaintiff at Albemarle, N. C.

The issue submitted to the jury with the answer thereto, was as follows:

"Is the defendant indebted to plaintiff, and if so, in what amount? Answer: $210.00."

From judgment in accordance with this verdict defendant appealed to the Supreme Court, assigning errors based on exceptions duly noted.

*W. L. Mann for plaintiff.*
*R. L. Smith & Sons for defendant.*

CONNOR, J.   Defendant's first assignment of error is based upon its exception to the overruling by the court of its motion, made before the trial began, to quash the deposition of Gabriel Engel taken before a notary public in New York.   This deposition was duly taken in behalf of plaintiff on 18 September, 1923.   Both parties were represented at said time and place.   By consent, further proceedings were continued until Monday, 21 October, 1923.   The deposition was signed by Gabriel Engel before the notary public on 1 October, 1923, neither party being present nor represented on said date.   It does not appear that either party attended before the notary public on Monday, 21 October, 1923, or gave notice to the notary public or to the other party of any purpose or desire to proceed further in the matter of the deposition.   The attorney for defendant stated upon the argument on appeal that defendant had no desire or purpose to cross-examine the witness further on 21 October, 1923, and had not intended to be present on said date.   The deposition containing both the examination and cross-examination of Gabriel Engel was offered as evidence at the trial by the plaintiff and was read to the jury.

There is no requirement in our statute that a deposition shall be signed by the witness.   C. S., 1809.   This Court has held that a deposition not signed by a witness may be read in evidence.   *Boggs v. Mining Co.,* 162 N. C., 393.   It is good practice to have the deposition signed by the witness, for the purpose of identification, but the certificate of the commissioner or notary public is sufficient.   The exception is not well taken and this assignment of error is not sustained.

At the close of plaintiff's evidence the defendant moved for judgment of nonsuit.   Upon denial of this motion defendant excepted.   Defendant offered no evidence, and requested the court to instruct the jury that there was no evidence that the goods alleged to have been lost were ever delivered to the railroad company, and that the jury should answer the issue "Nothing."   The court declined to give this instruction, and defendant excepted.   The third and fourth assignments of error are based upon these exceptions.

In their brief, filed in this Court, attorneys for defendant say that plaintiff relies upon the bill of lading as *prima facie* evidence of the receipt of the goods alleged to have been missing, by the Pennsylvania Railroad Company.   This company in the bill of lading acknowledged

receipt by it, for transportation to plaintiff, of two cases of knit goods, "contents and condition of contents of packages unknown." The bill of lading was not *prima facie* evidence of the quantity of the goods in the cases, but it was such evidence of the delivery to it by the Yale Knitting Mills of the articles described therein, to wit, two cases of knit goods. A bill of lading is evidence of the facts recited therein, as against both the initial and the terminal carrier. 10 C. J., 371. This was a through bill of lading for the transportation of the goods from New York to Albemarle, N. C. The liability of the terminal, or delivering carrier, is not affected by the Carmack Amendment, U. S. Comp. Stat., 8604A; *Paper Box Co. v. R. R.,* 177 N. C., 351; *Georgia F. & A. R. Co. v. Blish Milling Co.,* 241 U. S., 190, 60 L. Ed., 949. Defendant, as a common carrier, was liable to plaintiff for the actual contents of the two cases. Plaintiff assumed the burden of proving, by evidence, that the twenty-eight sweaters alleged to have been lost, were in the case when same was delivered to the initial carrier, and were missing when the case was delivered to plaintiff by the defendant. The testimony of the shipping clerk of Yale Knitting Mills, and of witnesses offered by plaintiff as to the condition of the straps on the case, from which it was alleged that the sweaters had been taken, and of the cartons therein when the same was opened by plaintiff at his store in Albemarle, N. C., was competent as evidence, and was properly submitted to the jury. There was competent evidence both as to the number of sweaters missing and as to their value. "The through bill of lading and the receipt for the through freight by defendant are evidence of the joint contract. *Mills v. R. R.,* 119 N. C., 693." *Paper Box Co. v. R. R., supra.*

"Where the question is one merely of shortage in the number of packages in an admitted shipment, the representation of a bill of lading, without any qualifications, is conclusive on the carrier as between the carrier and a consignee or transferee of a bill of lading who has incurred loss or liability in reliance on the correctness of the representation." 4 R. C. L., 27. But see *Williams v. R. R.,* 93 N. C., 42, where it is held that the carrier is not bound unless the goods are actually received for shipment, and that the carrier is not estopped from showing by parol that no goods were in fact received. *Bank v. R. R.,* 175 N. C., 415.

Where there is a general description of packages received for shipment, qualified by the statement in the bill of lading that the contents of the packages are unknown, and the contents are not subject to ordinary inspection, and there is an allegation of shortage in the number of articles in the packages at delivery, the bill of lading, by reason of the qualification is not sufficient alone as evidence to sustain the allega-

tion of shortage; it is, however, competent as evidence. The carrier is liable for the actual contents of the package, and this liability is not affected by the statement in the bill of lading that such contents are unknown.

We have examined the other assignments of error. They are based upon exceptions to evidence and to instructions of the court to the jury. They are not sustained and the judgment is affirmed. We find No error.