## BROWN v. SOUTHEASTERN EXPRESS COMPANY.

(Filed 27 May, 1926.)

**1. Carriers—Negligence—Evidence—Burden of Proof—Transportation—Damages—Prima Facie Case.**

In order to recover of a common carrier damages to a shipment of goods, the plaintiff must show the carriers' assumption of the obligation to transport and deliver, expressed or implied, and a failure in this duty by the carrier, i. e., nondelivery .or delivery under its contract in a damaged condition, and thereupon the plaintiff has made out a prima facie case.

**2. Same—"Good Condition"—Presumptive Evidence.**

The formal receipt of the consignment of goods by the common carrier is presumptive evidence of its good condition, in the absence of notation or entry thereon to the contrary.

CIVIL ACTION tried by *Bryson, J.,* at November Term, 1925, of CHEROKEE.

This action was originally instituted in a court of the justice of the peace against the American Railway Express Company and the Southeastern Express Company to recover $81.80 for damage to a shipment of pork from Madisonville, Tennessee, to Andrews, North Carolina. The plaintiff moved from Madisonville to Andrews, leaving some of his hogs in Tennessee. Later he directed these hogs to be slaughtered and shipped to him at Andrews. The hogs were delivered to the defendant in Madisonville on 16 January, 1924, in the morning about 9:00 o'clock a. m., and arrived at Andrews on 17 January about 1:34 p. m. There was no question of delay in shipment. The hogs were shipped in an express and baggage car which was the usual way of shipping property of this character. Upon arrival at Andrews the meat was tainted, "felt warm and had an odor," and the plaintiff offered evidence tending to show that the shipment was an entire loss.

Upon issues duly submitted to the jury, there was a verdict for plaintiff for $75.75, from which judgment on the verdict the defendant appealed.

*D. H. Tillett and D. Witherspoon for plaintiff.*
*Dillard & Hill for defendant.*

BROGDEN, J. The determination of the merits of this controversy depends upon whether or not it was incumbent upon the plaintiff to offer evidence tending to prove that the hogs were originally delivered to the defendant in good condition. In *Hosiery Co. v. Express Co.,* 184 N. C., 480, *Stacy, J.,* declares the law to be: "In an action against a common carrier to recover for the loss of or damages to a shipment of goods, the plaintiff must show: (1) delivery of goods to the carrier; (2) an undertaking on his or its part, express or implied, to transport them; and (3) a failure to perform his or its contract or duty, *i. e.,* nondelivery, of the goods or delivery in a damaged condition. The plaintiff has a prima facie case when he shows the receipt of the goods by the carrier (as such), and their nondelivery or delivery in a damaged condition. But until this much is established the carrier is not required to offer any evidence."

It will be observed that this is a suit by the consignee who lived in North Carolina, and who was the owner of the property. "Among

EARWOOD *v.* R. R.

connecting lines of common carriers, that one in whose hands goods are found damaged is presumed to have caused the damage, and the burden is upon it to rebut the presumption." *Mfg. Co. v. R. R.,* 121 N. C., 514; *Hinkle v. R. R.,* 126 N. C., 937.

The plaintiff introduced in evidence an express receipt issued by the defendant, as follows:

"1-17-24.

"Mr. R. H. Brown,
"Andrews, N. C.

"To Southeastern Express Co., Dr. (Incorporated).

"For transportation of the following described shipment: Waybill No. 6648; date 1-16-24; article and value: 2 D. hogs; weight 505; shipper Chas. Burrus; point of origin, Madisonville, Tenn. Total charges $6.01. Received payment, J. A. Morgan."

Conceding that it was incumbent upon the plaintiff to offer evidence tending to show that the property was originally delivered to the carrier in good condition, the express receipt or bill of lading is evidence of the fact that the merchandise was delivered in good condition in the absence of notation or entry thereon to the contrary. This rule of evidence was expressly declared in *Sumrell v. R. R.,* 152 N. C., 269, as follows: "The court properly refused the defendant's prayer for nonsuit, and also to charge that there was no evidence that the goods were delivered in good order to the defendant. The bill of lading raised the presumption."

No error.