L. F. BARNARD, TRADING AS GATE CITY TRANSIT LINES, v. HOWARD SOBER, INC.

(Filed 22 May, 1946.)

**1. Carriers § 10: Bailment § 3—**

> A printed receipt form, acknowledging receipt of items listed on its reverse side, signed by defendant's agent, having on its back a typewritten list of articles followed by the words "Con't on next page," and having the next printed page of the form filled out with model and serial numbers of plaintiff's bus, chassis and engine, includes the bus engine in the list of articles receipted for.

**2. Same—Evidence of delivery of engine in good condition to common carrier or bailee for hire held sufficient.**

> Defendant's agent undertook to transport plaintiff's bus under its own power from a body company in another state for delivery to plaintiff. Plaintiff's evidence tended to show that when the bus was delivered to the body company for the construction of a new body the engine was in good condition, that defendant's agent signed a receipt stating that articles listed, including the engine, were in good condition, and that a rule of the

Interstate Commerce Commission, by which defendant is licensed, provides that a carrier will not accept a vehicle for transportation under its own power if, in its judgment, the mechanical condition is such that it cannot be operated in that manner. The engine of the bus burned out while being driven by defendant's agent on the trip. *Held:* There was sufficient competent evidence that when the vehicle was delivered to defendant the engine was in good condition, and defendant's motion to nonsuit should have been overruled regardless whether defendant be regarded as a common carrier or a bailee for hire.

APPEAL by plaintiff from *Alley, J.,* at November Term, 1945 (Greensboro Division), of GUILFORD.

Civil action to recover damages from the defendant for alleged negligence in the transportation of a bus, which the defendant contracted to drive from Richmond, Ind., to Greensboro, N. C.; the defendant being a Michigan corporation duly licensed by the Interstate Commerce Commission to do business through the Motor Carriers Division.

The evidence tends to show that the plaintiff delivered a 1941 Ford bus to the Wayne Works, a body company of Richmond, Ind., in January, 1944, for the purpose of having a new body built thereon. The motor was in good condition at the time of delivery to the Wayne Works. On 1 June, 1944, the 1941 Ford, with the new body thereon, was delivered to the defendant for transportation from Richmond, Ind., to Greensboro, N. C., by the method designated in the Rules and Regulations of the Interstate Commerce Commission as "Single Driving Service," which is defined as "the movement of a single vehicle, under its own power, over the highways, from a point of origin to a point of destination." Other rules governing such shipment were introduced in evidence and the pertinent parts are as follows:

"Carrier will not accept for transportation under its own power, any vehicle which due to its mechanical condition, in the judgment of the carrier, cannot be operated in that manner or which cannot, due to size or special construction, be safely handled by the carrier in full compliance with all state laws and regulations of the Interstate Commerce Commission."

"Shipper or consignee will be charged for all expense incurred by mechanical or tire failures, beyond the control of carrier, in the transportation of vehicle, in addition to rates and charges otherwise provided in this tariff."

"Rates named herein include addition of necessary gasoline, grease and oil to transport shipments to destination."

The agent of the defendant signed a receipt in the following language: "I have counted and inspected all units and pieces of the property described on the reverse side of this form, and I find same to be identical

in number, size and description as there indicated. All of the same are delivered to the undersigned in good condition and as set forth. Receipt of the said property from The Wayne Works is hereby acknowledged at Richmond, Indiana, on the 1st day of June, 1944. (Signed) Howard Sober, Inc., By C. L. Bierie."

The above receipt is printed at the bottom of a form of the Wayne Works, and on the back of the receipt is a typewritten list of items. At the end of the list the following appears: "(Con't on next page)". On the next page the printed form is filled out, giving the following information: "Body Model: 49042S Serial No. 37988. Make Chassis: Ford. Wheelbase: 158. Chassis Serial No. 293471. Engine No. 44 B 44. Tools: 0. Spare Rim or Wheel 0 Spare Tires 0 Gas Gauge Reading 0 Misc. 0."

The defendant's driver, after signing the above receipt, took possession of the bus and started on the trip to Greensboro, N. C. In or near Chillicothe, Ohio, the motor of the bus burned out and the bus was left with the Lynch Motor Car Co., in that city.

The plaintiff alleges, the damage to the engine of the bus was the result of the failure of the defendant's agent to keep sufficient lubricating oil in the engine and the excessive rate of speed at which the bus was driven from Richmond, Ind., to Chillicothe, Ohio.

The plaintiff was required to spend a considerable sum to replace the motor; for other expenses incident to making the necessary repairs, and the cost of transporting the bus from Chillicothe, Ohio, to Greensboro, N. C.

At the close of plaintiff's evidence, the defendant moved for judgment as of nonsuit. Motion allowed, and the plaintiff appeals to the Supreme Court, assigning error.

*Smith, Wharton & Jordan for plaintiff.*
*Sapp & Moore for defendant.*

DENNY, J. The primary question involved on this appeal is whether the plaintiff in the trial below, offered any competent evidence tending to show that the engine in the plaintiff's 1941 Ford bus was in good condition when delivered to the agent of the defendant on 1 June, 1944, at Richmond, Ind., for transportation to Greensboro, N. C.

The defendant insists that the receipt given the Wayne Works, to the effect that the property delivered to its agent was in good condition, is limited to the items described on the reverse side of the receipt and does not include the chassis or the engine of the bus. We do not so hold, in view of the fact that the itemized list on the reverse of the receipt states that it is continued on the next page and on the next page information is

given as to the body, model, chassis and engine of the bus. We think the engine was included in the list of items for which the defendant issued its receipt and stated therein that, "all of the same are delivered to the undersigned in good condition and as set forth." *Merchant v. Lassiter,* 224 N. C., 343, 30 S. E. (2d), 217; *Hutchins v. Taylor-Buick Co.,* 198 N. C., 777, 153 S. E., 397; *Brown v. Express Co.,* 192 N. C., 25, 133 S. E., 414; *Beck v. Wilkins,* 179 N. C., 231, 102 S. E., 313. Moreover, under the Rules and Regulations governing a shipment of this character, among other things, it is provided: "Carrier will not accept for transportation under its own power, any vehicle which due to its mechanical condition, in the judgment of the carrier, cannot be operated in that manner or which cannot, due to size or special construction, be safely handled by the carrier in full compliance with all state laws and regulations of the Interstate Commerce Commission."

The defendant denies that it is a common carrier and while there is evidence tending to show otherwise, we need not decide on this appeal whether the defendant is a common carrier or a bailee for hire. In either event, we think the evidence sufficient to carry the case to the jury. The judgment of the court below is

Reversed.