E-B Trucking Co. v. Everette Truck Line

E-B TRUCKING COMPANY, INC. v. EVERETTE TRUCK LINE, INC.

No. 877SC262

(Filed 3 November 1987)

**Carriers § 10— steel exposed to rain while loading—indemnity clause in trip lease —bill of lading presumption**

Summary judgment was properly granted for plaintiff in an action by plaintiff to recover $10,009.87 withheld by defendant under a contract by which defendant trip leased a tractor and trailer from plaintiff, the lease agreement contained a clause requiring indemnification of the lessee for losses resulting from the use of the leased vehicle or equipment, the steel became wet during loading onto the truck and was rejected, there was no evidence that plaintiff or its driver assumed the duty to insure that the load remained dry during loading, and, although a signed bill of lading creates a presumption that the goods were in the condition described thereon, that presumption was easily overcome here because the evidence that the steel became wet during loading was undisputed.

APPEAL by defendant from *James M. Long, Judge.* Judgment entered 27 October 1986 in Superior Court, NASH County. Heard in the Court of Appeals 1 October 1987.

*Fields, Cooper, Henderson, and Cooper, by Milton P. Fields for plaintiff appellee.*

*McMullan and Knott, by Lee E. Knott, Jr. for defendant appellant.*

BECTON, Judge.

Plaintiff E-B Trucking Company, Inc. (E-B Trucking) brought this action to recover $10,009.87 which was withheld under a contract with defendant Everette Truck Line, Inc. (Everette). The trial judge granted E-B Trucking's motion for summary judgment, awarding it $10,008.96 and interest. Everette appeals. We affirm.

I

On 2 May 1985, E-B Trucking trip-leased a tractor and trailer to Everette Trucking for the purpose of transporting a load of steel from J. K. Warehouse in Baltimore, Maryland to Coil Metals Industries in New Brunswick, New Jersey. The following facts are not in dispute.

Everette's dispatcher instructed E-B Trucking's driver, Cloman Harrison, to pick up a load of steel at J. K. Warehouse. Coil Metals had agreed to pay J. K. Warehouse to store and load the steel. Although the dispatcher did not tell Harrison so, he knew that the steel should not be allowed to get wet. It was raining as J. K. Warehouse's agents loaded the steel. Harrison observed the loading and noticed that the paper covering over the first three bundles was torn, exposing the steel to the rain. He covered each of the twelve bundles of steel with his tarpaulin as they were placed onto the truck bed. Each bundle of steel was placed on a wooden pallet that prevented it from getting wet from underneath. After the steel was loaded, Harrison secured the tarpaulin and obtained a bill of lading. He then delivered the load to Coil Metals. Coil Metals' agent refused to accept the load, and made the notation "wet" on the bill of lading. All 12 bundles were damaged. Coil Metals filed a claim with Everette for $10,009.87. Everette paid the claim, then retained $10,008.96 from the trip-lease funds it owed E-B Trucking.

Under the trip-lease agreement, E-B Trucking, the lessor, was to receive 75% of the proceeds from a job, and Everette, the lessee, was to receive 25% as compensation for arranging the job. The trip-lease agreement was in writing and contained the following provision: "Lessor further agrees to reimburse and otherwise indemnify lessee any and all losses sustained by lessee resulting from the use of the leased vehicle equipment."

II

Summary judgment is appropriate when the pleadings, depositions, interrogatories and admissions on file, together with affidavits show no genuine issue of material fact so that a party is entitled to judgment as a matter of law. N.C. Gen. Stat. Sec. 1A-1, Rule 56 (1983). *Johnson v. Phoenix Mutual Life Ins. Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980). Three of Everette's four assignments of error are joined in the following assignment: that the trial judge erred in failing to find as a fact that Harrison was negligent and in failing to give effect to the trip-lease indemnification clause. Consequently, Everette appears to argue that it, not E-B Trucking, was entitled to judgment as a matter of law. We disagree.

The trial judge found as a fact, and Everette concedes, that the steel became wet during loading. Yet nowhere does the trip-

lease agreement impose a duty on E-B Trucking or its driver to supervise the loading of the steel. The contractual provision on which Everette relies permits indemnification for losses "resulting from the *use of the leased vehicle equipment*" only. When the language of a contract is plain and unambiguous, it must be enforced as written. *Nationwide Mutual Insurance Co. v. Edwards*, 67 N.C. App. 1, 4, 312 S.E. 2d 656, 659 (1984), *citing Trust Co. v. Insurance Co.*, 276 N.C. 348, 172 S.E. 2d 518 (1970). E-B Trucking leased a tractor and trailer, not loading equipment. There is not any evidence that E-B Trucking or its driver, Harrison, assumed the duty to insure that the load remained dry during loading.

Everette's remaining contention is that E-B Trucking is bound by Harrison's representation in the bill of lading that the steel was in good condition when he received it. Although a signed bill of lading creates a presumption that the goods were in the condition described thereon, *Brown v. Southeastern Express Co.*, 192 N.C. 25, 133 S.E. 414 (1926), *accord American Home Products Corp. v. Howell's Motor Freight, Inc.*, 46 N.C. App. 276, 264 S.E. 2d 774 (1980), that presumption was easily overcome in the instant case because the evidence that the steel became wet during loading was undisputed. This assignment is also overruled.

Judgment is affirmed.

Judges JOHNSON and PARKER concur.