Indianapolis, Bloomington and Western Ry. Co.

*v.*

Isaac H. Strain *et al.*

1. Carrier—*liability for escape of stock from defective cars.* Where a railway company undertakes to transport live stock, it is its duty to furnish good and sufficient cars in which to carry the same, and if it does not, and animals escape from defects in its cars, beyond the terminus of its road, it will be liable for the loss, even though there be a special contract limiting its liability to the end of the road.

2. Measure of damages—*in suit against carrier for escape and loss of live stock.* Where hogs are shipped by rail in this State to Pittsburgh, and the freight paid through, and some of them are lost *en route*, proof of their value at their destination may be considered by the jury in fixing their value at the place of shipment, where there is no evidence showing any difference of value between the two places.

Appeal from the Circuit Court of DeWitt county; the Hon. Lyman Lacey, Judge, presiding.

Messrs. Donahue & Kelly, for the appellant.

Messrs. Fuller & Graham, for the appellees.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action brought by Owens & Strain against The Indianapolis, Bloomington and Western Railway Company,

to recover the value of seven lost hogs, claimed to have escaped from the cars of the company, and shipped, as Owens & Strain claim, from Clinton, in this State, to Pittsburgh, but, as the railroad company claim, from Clinton to Indianola, the station at the end of their railroad at Indianapolis, Indiana. There was a judgment against the railway company for $98, from which they have appealed.

The hogs in question were part of a lot of 199 head, contracted to be transported at a certain price per car load, from Clinton to Pittsburgh, but under a special written contract, signed by both parties, whereby it was expressly agreed between them, that the liability of the company as common carriers should cease when the stock should arrive at the station above named, the end of the company's road, ready to be delivered to the next succeeding carrier—the contract containing also other provisions restrictive of the company's liability. The hogs escaped from the cars somewhere between Clinton and Galion, Ohio, and, as the company claim, between Indianola and Galion, beyond the termination of their line, and so that they are not liable under the contract. Sundry legal questions have been discussed by counsel, as being supposed to arise under the provisions of the special contract, which we do not deem it necessary to consider, as it is conceded by appellant's counsel, that, under the contract, the company is responsible for its own negligence, and we think there is enough in the evidence to maintain the judgment on the ground of such negligence.

Without undertaking to recite the testimony, we need but to say, that we think it sufficiently appears, from the evidence, that the escape and loss of the seven hogs were occasioned by their having been placed in a car which was defective and out of repair.

We regard it as having been the duty of the company to furnish good and sufficient cars in which to carry the hogs. This they did not do, and thence the loss. For this neglect of duty, we are of opinion the railroad company is responsible.

All the evidence as to the value of the hogs was, what they sold for at Pittsburgh. It is claimed, that, under an express provision of the contract, the value at the date and place of shipment was to govern. It is insisted, on the other hand, that the provision does not apply to such a shipment as this one. Without considering whether it does or not, the evidence of value at the place of destination tended to prove the value at the place of shipment. There was no evidence going to show any difference of value at the two places. The through freight to Pittsburgh on the whole car load had been paid. We could not say that, under the evidence, the jury were not warranted in finding the value to be at the place of shipment what it was testified to as being at the place of destination.

There was no question of law presented on the subject, by instructions or otherwise.

The judgment will be affirmed.

*Judgment affirmed.*