F. D. FORRESTER & CO. v. SOUTHERN RAILWAY COMPANY.

(Filed 6 May, 1908).

1. **Railroads—Carriers—Suitable Cars—Failure to Furnish—Liability of Carrier.**

   A railroad company, by accepting for shipment a carload of fruit, contracts that it will transport it to destination with due diligence and in good condition, except as to such damage as might be incident to freight of this character, and includes in that contract the furnishing of a ventilated car when usual or reasonably necessary.

2. **Same—Measure of Damages.**

   When it is shown by the evidence that a ventilated car was the only reasonable means by which the defendant railroad could transport at that season of the year a carload of fruit for the shipper; that it failed to furnish this character of car and furnished only a box car, upon which plaintiff loaded his fruit, and in consequence the damage complained of was occasioned, the measure of damages is the actual loss in value to the fruit being in an improper car, and not the interest on the difference between the value of the fruit at the initial and terminal point for the period elapsing incident to the delay in settlement. The rule where the carrier fails to ship and the shipper retains the goods distinguished.

3. **Same—Knowledge of Shipper.**

   When a railroad company fails in its duty to furnish the shipper a ventilated car for transporting his fruit and furnishes a box car instead, the company is not relieved from liability solely by the fact that the shipper knew his fruit was forwarded in a box car.

ACTION tried before *Ferguson, J.,* and a jury, at January Term, 1908, of WILKES.

This action is to recover damages growing out of a shipment of dried apples from Wilkesboro, N. C., to Richmond, Va. The court submitted this issue, without objection or exception:

"What damage, if any, is plaintiff entitled to recover of the defendant?" Answer: "One hundred and eighty-four dollars and forty-seven cents."

From the judgment rendered the defendant appealed. The facts are stated in the opinion.

*Finley & Hendren* and *O. C. Dancy* for plaintiff.
*Manly & Hendren* and *W. W. Barber* for defendant.

BROWN, J.   We need only consider the question of damage raised by the refusal of the court to give defendant's prayers for instruction: "1. That the plaintiff was not entitled to recover any sum other than nominal damages.   2. That plaintiff was not entitled to recover any sum save the interest on the difference between the value of the fruit at Wilkesboro and the value at Richmond for the period elapsing incident to the delay in settlement."   We fully agree with the learned counsel for defendant that, where goods are tendered to a common carrier for shipment and the latter fails to ship and the shipper retains his property, the rule of damage is the difference between the market value of the goods at the shipping point and at the point of destination, less freight charges, allowing a reasonable time for transportation.   But that rule does not apply to the facts of this case.   The fallacy in the argument for the defendant is in assuming that there were two contracts, whereas in law and fact there was only one. The contract between plaintiff and defendant was not that defendant should furnish a ventilated car, but that the defendant would transport the apples to Richmond with due diligence and in good condition, except such damage as might naturally be incident to such freight.   The agreement to procure a ventilated car was no part of the contract, for the evidence shows that by ventilated cars is the only safe means of carrying dried fruit at that season of the year.   It is the duty of the carrier to furnish suitable cars for shipment of the particular commodity undertaken to be conveyed.   4 Elliott on Railroads, 1475.   If the carrier fails to furnish such cars and injury results to the goods from the defect, the carrier is liable.   4 Elliott, *supra,* 1448; *Railway v. Strain,* 81 Ill., 504.

In this instance the defendant shipped the fruit in an ordinary box car, and it was injured in consequence. The defendant had sent a proper car for its transportation, but through a mistake of an agent the ventilated fruit car was loaded with brick and sent off. The fact that plaintiff knew that his fruit was shipped in a box car will not relieve the defendant from liability, nothing else appearing. *Railway v. Marshall,* 86 S. W., 803; *Railway v. Pratt,* 22 Wall., 22 Law Ed., 827. In the last-named case the Supreme Court of the United States said: "It is said that Pratt was aware of the defective condition of the car; that he voluntarily made use of it, and that the risk of loss by its use thus became his and ceased to be that of the company. The Judge charged the jury that it was the duty of the carrier to furnish a suitable vehicle of transportation; that if he furnished unfit or unsafe vehicles he is not exempted from responsibility by the fact that the shipper knew them to be unsafe and used them, and that nothing less than a direct agreement by the shipper to assume the risk would have that effect. * * * The authorities sustain the position taken by the Judge at the trial."

We think his Honor properly refused the defendant's prayers, and that he was right in charging the jury that the defendant was liable for such injuries to the fruit as it sustained by reason of shipment in an unsuitable car.

Affirmed.