BIVENS BROS. v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 13 November, 1918.)

1. **Carriers, Freight — Railroads — Perishable Freight — Negligence—Contracts—Cold Damage.**

    A carrier of interstate freight may not contract against the result of its own negligence, under the Cummins Amendment, United States Compiled Statutes, par. 8604a; and its defense that a shipment of sweet potatoes was received at the owner's risk of freezing will not relieve the carrier from the payment of damages so caused.

2. **Same—Transportation—Unreasonable Delay—Freezing—Actus Dei.**

    Where a shipment of sweet potatoes is suddenly caught in cold weather by reason of the carrier's negligent delay in transporting them, and frozen and rendered worthless in consequence, it is the carrier's negligence that has caused the damage, and not *actus dei.*

3. **Carriers of Freight—Railroads—Perishable Freight—Care in Shipment—Burden of Proof.**

    It is the carrier's duty to load perishable goods in proper cars, and to take reasonable care for their preservation and delivery in time to prevent loss; and in an action to recover damages for a loss thereto, arising from an unreasonable delay in transportation, the burden is on the carrier to show it exercised such care.

**4. Commerce—Transportation—Carriers—Penalty—Statutes.**

> A penalty may not be recovered of the carrier of an interstate shipment for negligent delay in transportation, under our statute (Revisal, 2632.).

APPEAL by defendant from *Harding, J.,* at May Term, 1918, of UNION.

This action was begun before a justice of the peace. The plaintiff recovered $21.15 for the negligent delay to transport and deliver a shipment of potatoes, by reason of which the potatoes were frozen and rendered worthless. The Seaboard road, which received the potatoes at Wadesboro on 5 February, delivered them the next day at Monroe, but it was in evidence that they were already frozen when the latter road received them, and hence a nonsuit was entered as to that road.

On appeal, the verdict and judgment were for the same amount. Appeal by defendant.

*Stack & Parker for plaintiffs.*
*Redwine & Sikes for defendant.*

CLARK, C. J. On 30 January, 1917, R. E. L. Brown delivered to the defendant seventeen bags of sweet potatoes of the value of $21.15 for shipment to plaintiffs via Florence and Wadesboro. They arrived at Monroe on 6 February in a frozen and worthless condition. There is no conflict in the evidence. The potatoes were delivered at Chadbourn, 10 a. m., 30 January, in first-class condition and were loaded promptly. They were delivered by the defendant to S. A. L. R. R. at Wadesboro, N. C., on 5 February. It is only 121 miles from Chadbourn to Wadesboro via Florence. It is not in evidence that Florence was a transfer point or that the potatoes were transferred there. The defendant owned the line from Chadbourn, via Florence, to Wadesboro. The weather was normal up to the night of 3 February, when there was a sudden drop in temperature, whereby the potatoes were frozen and rendered worthless. The letters "O. R. F." were written across the face of the bill of lading, and one witness testified these letters meant "Owner's risk of freezing," but there was no evidence that the shipper was given any reduction in rate on account of this provision being inserted. Besides, if the damage was caused by the defendant's negligence, it could not stipulate against its liability therefor, since the Cummins Amendment, which is but a recognition of the formerly universally recognized law (till some late decisions) that a common carrier cannot stipulate against liabilities for damages caused by its own negligence.

In the evidence, there is no explanation of the unreasonable delay of seven days in transporting the potatoes 121 miles from Chadbourn to Wadesboro, nor evidence of any care by the defendant to protect the

potatoes from the freezing cold. In view of the perishable nature of this freight, it should have been delivered at Wadesboro (121 miles) long before the freeze on the night of 3 February.

This is not an action for a penalty. But even if it had been, this is an interstate shipment, to which the penalty prescribed by Revisal, 2632, does not apply. *Marble Co. v. R. R.,* 147 N. C., 53. There was no delay at Chadbourn, where they were loaded promptly. And the jury were certainly justified in finding that they should have been delivered to the Seaboard at Wadesboro, 121 miles away, by 2 February, which would have been seventy-two hours to traverse 121 miles. If delivered that day to the Seaboard, they should have reached their destination at Monroe that night or next day before the freeze.

The stipulation "O. R. F." on the bill of lading could not release the company for any damages caused by its negligence. *McNeill v. R. R.,* 135 N. C., 682; *Parker v. R. R.,* 131 N. C., 827; *Ib.,* 133 N. C., 336. This rule has since been adopted by Congress, U. S. Compiled Statutes (1916), par. 8, 604a (being the Cummins Amendment, ratified 9 August, 1916, ch. 301), and restoring the common-law rule.

It was the duty of the defendant not only to transport the potatoes within a reasonable time, but also in a proper car, considering the season. *Forrester v. R. R.,* 147 N. C., 553, which was a shipment of fruit.

The burden was upon the defendant to "exculpate itself from liability for damage to goods in transit because it has the best opportunity of knowing and proving how the injury occurred." *Peele v. R. R.,* 149 N. C., 393.

In *McGraw v. R. R.,* 18 W. Va., 361, it was held: "Freezing weather cannot be deemed the act of God, and the carrier is liable unless he has been guilty of no negligence or misconduct by which loss or damage may have been occasioned. The mode of conveyance, the distance, the nature of the goods, the season of the year, and the character of the weather are all matters entering into the consideration of what was a reasonable time." In that case the potatoes were delivered to the carrier on 13 February, to be shipped the next day. The weather was mild, and so continued on the 14th. When they reached their destination, a distance of 104 miles, on the 16th they were frozen and worthless. The weather turned cold on the 15th, and the Court held that the carrier was liable.

We find no error in the charge, which correctly instructed the jury that the plaintiff must satisfy them that the negligence of the defendant was the proximate cause of the injury. The case below was tried by both sides upon the theory that the potatoes were a total loss.

The defendant excepts because the issue submitted was simply, "Is

the defendant indebted to the plaintiff; and if so, in what amount?" This issue, taken in connection with the charge, presented clearly the question whether the defendant was guilty of negligence, and if so, was it the proximate cause of the injury and the amount of the damage. The issues are sufficient if, as here, all phases of the matter in controversy can be presented. *Carr v. Alexander,* 169 N. C., 665.

No error.