DAVIS LIVESTOCK COMPANY v. JAMES C. DAVIS, DIRECTOR GENERAL OF RAILROADS.

(Filed 24 September, 1924.)

1. **Carriers — Railroads — Negligence — Livestock—Evidence—Presumptions—Rebuttal.**

In an action against the railroad to recover damages for the death of a mule, in a carload livestock shipment, in the bill of lading for which was a provision exempting the carrier from liability for injuries caused by the inherent viciousness of the animals, etc., the receipt of the stock and the death of the mule while in the carrier's possession raises a presumption of its actionable negligence, which the carrier may rebut by showing that the shipment was made in a proper car and that the carrier exercised due care in its transportation.

2. **Same—Instructions—Appeal and Error.**

Where the bill of lading issued by the carrier for the transportation and delivery of a carload shipment of livestock contains the usual provision exempting the carrier from liability for injuries caused by the inherent viciousness of the animals, etc., and there was evidence on the trial tending to show that one of them had kicked over the transom of the car and was thrown to the floor and found injured *in transitu* by the carrier's employee, a charge of the court that relieves the carrier from exercising due care after discovering the condition of the mule is reversible error.

APPEAL by plaintiff from *Daniels, J.,* at March Term, 1924, of PITT.

The jury returned a negative answer to the issue, "Was plaintiff's mule injured by the negligence of the railroad, as alleged in the complaint?"

*Martin & Sheppard and Julius Brown for plaintiff.*
*Skinner & Whedbee for defendant.*

ADAMS, J. On 26 January, 1920, the plaintiff delivered to the defendant twenty-four mules for carriage from Richmond, Va., to Farmville, N. C. One of them died during transportation, and the plaintiff brought this action to recover its value. There was evidence for the

defendant tending to show that while the train was at Emporia, Va., one of the brakemen saw the injured mule, with a hind foot made fast in a transom, or ventilator, presumably by kicking, and with its head and shoulders on the floor; that its face and one eye were disfigured; that it was finally released and then left in the car, and that it was dead when the train arrived at Weldon.

The defendant contended that the loss was due to the mule's viciousness, and relied upon the plaintiff's agreement, set out in the bill of lading, to indemnify the defendant against claims arising out of loss or injury caused by "the inherent vice or the wild and unruly condition or conduct of any of the said livestock, including self-inflicted injuries."

The defendant admitted the contract of carriage, the receipt of the stock, and the death of one of the mules while in its possession. In these circumstances the loss is presumed to have been attributable to the defendant's negligence. *Everett v. R. R.,* 138 N. C., 68; *Hosiery Co. v. Express Co.,* 184 N. C., 478. The learned judge observed this principle, and very clearly instructed the jury as to its application, but in addition he gave the following instruction, to which the plaintiff excepted: "Now, if this evidence satisfies you that this mule kicked over the door, got his foot caught there, in a car that was a standard car and in good condition, in a train that was managed and run without negligence, then the presumption would be rebutted, and you would answer the issue 'No.' "

When the plaintiff offered evidence giving rise to the presumption of negligence, it was incumbent upon the defendant to exculpate itself by rebutting the presumption; but the instruction complained of excluded the jury's determination of the question whether the defendant exercised due care to relieve the situation after discovery of the mule's condition at Emporia. *Teeter v. Express Co.,* 172 N. C., 616, 618. True, the jury were further instructed to answer the issue for the defendant if they believed all the evidence; but under this instruction they were privileged to disbelieve a part of the evidence and yet return a negative verdict merely upon finding that the mule, by kicking, caught its foot above the door of "a standard car, in good condition, in a train that was managed and run without negligence." The instruction as to the operation and management of the train was not comprehensive enough to include the duty which the defendant owed the plaintiff while the train was "set off" and the defendant's employees were trying to release the injured mule. For the error complained of, the plaintiff is entitled to a

New trial.