L. J. McDANIEL v. ATLANTIC COAST LINE RAILWAY.

(Filed 12 November, 1925.)

**Evidence—Prima Facie Case—Burden of Proof—Instructions—Appeal and Error.**

Where the plaintiff's evidence makes out a prima facie case, it is only sufficient to take the case to the jury to determine the issue, and for them to sustain a verdict thereon in the plaintiff's favor, and an instruction that it shifts the burden of proof to the defendant, is reversible error.

APPEAL by defendant from *Finley, J.,* at September Term, 1925, of FORSYTH.

Civil action tried in the Forsyth County Court, resulting in a verdict and judgment for plaintiff. On appeal to the Superior Court, sitting as an appellate court, the judgment of the county court was affirmed. From this judgment defendant appeals, assigning error.

*Swink, Clement & Hutchins for plaintiff.*

*Thomas W. Davis, W. A. Townes, Craige & Craige and Parrish & Deal for defendant.*

STACY, C. J. Plaintiff brings this action to recover damages for an alleged negligent injury to a carload of oranges shipped on 8 February, 1921, from Zolfo, Fla., to New Bern, N. C., and routed over the defendant's lines. Upon denial of liability and issues joined in the Forsyth County Court, there was a verdict and judgment in favor of the plaintiff for $300.00 with interest from 14 February, 1921. On appeal to the Superior Court of Forsyth County, sitting as an appellate court (chap. 520, Public-Local Laws 1915), the judgment of the county court was upheld. The case comes to us for a review of the judgment of the Superior Court affirming the judgment of the county court.

We deem it unnecessary to consider more than one exception. There was error in the charge of the trial court in regard to the burden of proof. The following excerpts constitute the basis of two of the defendant's exceptive assignments of error:

1. "If you find by the greater weight of the evidence that the oranges were delivered in good condition and arrived in a damaged condition, then the burden of proof shifts to the defendant."

2. "Now, gentlemen of the jury, I have told you about the burden of proof. I again call your attention to that. If you find by the greater weight of the evidence that this fruit was received in good condition and that it arrived in bad condition, then the plaintiff would have made out a prima facie case, but a prima facie case can always be rebutted. It is for you to say whether or not the defendant, the burden of proof having shifted to the defendant, as to whether or not the defendant has rebutted this prima facie case of the plaintiff."

These instructions, it must be conceded, as it was on the argument, are in direct conflict with what has been said in a number of recent cases, notably *Dickerson v. R. R., ante,* p. 300; *Ferrell v. R. R., ante,* 126; *Hunt v. Eure,* 189 N. C., 482; *Speas v. Bank,* 188 N. C., 524; *Cotton Oil Co. v. R. R.,* 183 N. C., 95; *White v. Hines,* 182 N. C., 288.

The burden of proof in a civil action is not shifted when the plaintiff makes out a *prima facie* case, nor is the defendant required to offer evidence to rebut a *prima facie* showing, or to escape liability on such a showing. A *prima facie* case means, and means no more, than evidence sufficient to justify, but not to compel, an inference of liability, if the jury so find. It furnishes evidence to be weighed, but not necessarily to be accepted, by the jury. It simply carries the case to the jury for determination, and no more. "A *prima facie* showing merely takes the case to the jury, and upon it alone they may decide with the actor or they may decide against him, and whether the defendant shall go

forward with evidence or not is always a question for him to determine."—*Varser, J.*, in *Hunt v. Eure, supra.* See, also, *Austin v. R. R.*, 187 N. C., 7; *McDowell v. R. R.*, 186 N. C., 571; *Page v. Mfg. Co.*, 180 N. C., 330; *S. v. Wilkerson*, 164 N. C., 431; *Shepard v. Tel. Co.*, 143 N. C., 244.

Plaintiff says the above instructions were corrected in other portions of the charge, and, therefore, they should not be held for error under the principle that the charge is to be taken and examined as a whole, or at least the whole of what was said regarding any special phase of the case or the law, and, if thus considered, the charge in its entirety appears to be correct, slight deviations in detached portions will not be held for reversible error. *Exum v. Lynch*, 188 N. C., p. 397; *Cherry v. Hodges*, 187 N. C., 368; *In re Mrs. Hardee, ibid.*, 381. Such is undoubtedly the correct rule, as established by our decisions, but we do not find that these instructions were corrected in other portions of the charge. Contrariwise, instead of withdrawing or correcting these instructions in other portions of the charge, as contended by the plaintiff, they seem to have been accentuated, as witness the following:

"If you find that the oranges, when received by the railroad, were in good condition, that on their arrival at New Bern they were in a damaged condition, then the burden is on the defendant to rebut the *prima facie* case of the plaintiff if it desires to escape liability, by introducing evidence tending to show that damage to the oranges was not the proximate result of the defendant's negligence."

For error in the charge, touching the burden of proof, the cause should have been remanded to the Forsyth County Court for another hearing. There was error in upholding the validity of the trial. Let this be certified.

Error.