## STATE v. DAVE WOOTEN.

(Filed 27 May, 1926.)

**Homicide—Murder—Instructions—Self-Defense—Justifiable Homicide — Appeal and Error.**

While under sufficient supporting evidence the prisoner on trial for murder is entitled to a charge of acquittal if he, in the opinion of the jury, killed the deceased without malice, while acting under the reasonable apprehension that such was necessary to protect him from great bodily harm, an unconnected portion of the charge will not be held for reversible error in failing to give him the full benefit of complete self-defense, if the charge in its related parts construed contextually sufficiently and unmistakably instructs the jury upon the correct application of the law.

APPEAL by defendant from *Stack, J.,* at Fall Term, 1925, of WATAUGA.

Criminal prosecution tried upon an indictment charging the defendant with the murder of one Leonard Triplett.

Verdict: Guilty of manslaughter.

Judgment: Defendant ordered to be confined in the State's prison for a period of not less than 3 nor more than 5 years.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*F. A. Linney, J. H. Burke, John H. Bingham and Brown & Bingham for defendant.*

STACY, C. J. The defendant, a deputy sheriff of Watauga County, in company with a fellow-officer, J. V. Baugess, and Wiley Williams, on the night of 7 September, 1925, went out to investigate and to prove or disprove the correctness of information which had come to them that whiskey or liquor was being unlawfully sold and handled by some one just outside the town of Blowing Rock. They first met the deceased, Leonard Triplett, with two others in a Ford car which they searched. This apparently angered the occupants of the car very much. Finding nothing in the car, it was released and the officers proceeded up the road a short distance when they met another car, which they also searched, together with the surrounding woods.

While thus engaged, the deceased and his companions came back in their car and began cursing and abusing the officers. Finding no contraband liquor in the second car, the officers were in the act of getting into their car when the deceased kicked the defendant. The defendant turned immediately, stepped off the running-board of his car, engaged in a tussle with the young men, according to his testimony, and shot the deceased in an effort to repel the assault that was being made upon him and to save himself from great bodily harm.

On the other hand, the evidence offered by the State tended to show that the deceased was 6 or 8 feet from the defendant when the fatal shot was fired; that no assault had been made upon him; and that the killing was unprovoked, save the argument and cursing that was going on between them.

The only serious exception appearing on the record is the one addressed to the following portion of the charge:

"Ordinarily, a simple assault—and the mere kicking of another is a simple assault—and not an assault with a deadly weapon—ordinarily a mere simple assault is not sufficient to reduce the crime of murder in the second degree down to manslaughter, but if the number of the deceased and his companions, and their manner and their conduct and their language induced the prisoner to believe that he was about to receive serious harm, then that would be sufficient to reduce the crime to manslaughter."

This instruction, it must be conceded, as it is by the Attorney-General, fails to give the defendant the full benefit of his plea of self-defense; and, if it stood alone, the error could only be corrected by awarding a new trial. But in the very next paragraph, his Honor continued as follows:

"If the prisoner has satisfied you, gentlemen of the jury, that the killing was without malice, and has further satisfied you that at the time he shot the fatal shot, that he actually apprehended ·or feared that he was about to be killed or to receive enormous bodily harm, and further has satisfied you that he had reasonable grounds for his apprehensions—you and not he to be the judges of the reasonableness of his apprehensions—and that he shot under such circumstances, then the killing would be excusable. In other words, gentlemen of the jury, if the conduct and language of the deceased, or his language and conduct in connection with the conduct and language and number of the associates of the deceased, excited in the mind of the prisoner the fear that he was about to be killed or receive great bodily harm, and that the prisoner had reasonable grounds for his fear, and the prisoner killed the deceased under such reasonable apprehension, then the killing would be excusable."

From this, it will readily be seen that the error complained of was fully cured, and its harmful effect, if any, completely removed.

The charge must be taken and examined as a whole, or at least the whole of what was said regarding any special phase of the case or the law, and, if thus considered, the charge in its entirety appears to be correct, slight deviations in detached portions will not be held for· reversible error. *McDaniel v. R. R.,* 190 N. C., 474; *Milling Co. v. Highway Commission,* 190 N. C., p. 697, and cases cited.

The remaining exceptions, relating to the admission and exclusion of evidence and those to other portions of the charge, must all be resolved in favor of the validity of the trial. There is a sharp conflict in the evidence on the issue of guilt, which the jury alone could determine. This, it has done in a trial free from reversible error.

No error.