J. M. EDGERTON v. SOUTHERN RAILWAY COMPANY.

(Filed 5 October, 1932.)

**Carriers B f—Fact of injury in transitu is sufficient evidence to go to jury on issue of carrier's negligence.**

In an action against a railroad company to recover damages to a shipment of mules an instruction, upon supporting evidence, that if the jury found from the greater weight of the evidence that the mules were delivered to the railroad company in a good condition and were received at destination in a sick and injured condition that the damage was not due to natural causes or innate viciousness of the animals, that such facts would be evidence against the railroad company from which the jury might or might not find that the damage was due to the negligence of the carrier is held correct.

CIVIL ACTION, before *Daniels, J.,* at Spring Term, 1932, of WAYNE.

The plaintiff instituted this action against the defendant to recover damages for injury to certain mules. The mules were purchased by plaintiff from Maxwell-Crouch Mule Company at National Stock Yards, Illinois, and were shipped under bill of lading dated 4 February, 1930.

The son of the plaintiff testified as follows: "There were twenty-four head of mules and they were shipped 4 February, 1930. Before pur-

chasing them I examined each mule thoroughly. . . . We looked them all over four or five times, and felt of their ears to see if they were gentle. That is one of the things that we wanted was to get them gentle. A wild mule is hard to sell or one that is foolish about the ears is hard to sell. I would look at the legs and eyes and examine them thoroughly to see if they were all right. . . . They were delivered to the Southern Railway Company for transportation to Goldsboro 4 February, 1930. It was a very good load of mules, as good as I could get any where—quiet, gentle mules. I did not see the mules from the time they were delivered to the Southern Railway Company until the Southern Railway Company delivered them at Goldsboro, N. C. . . . When we unloaded the mules in Goldsboro one mule was very sick . . . and there were about five other mules that were bruised on the knees and legs. I don't recall each case, but several were bruised and scarred up. One mule was sick and died that night, and five others were bruised and skinned up. . . . I went into the car at the time the mules were unloaded. Several slats, three or four slats in the side of the car were broken. I remember one slat, a piece from one post to the next was clear out of it and left cracks about five inches wide. Several were out."

The plaintiff called the attention of agents for the defendant to the bruised condition of the mules at the time they were unloaded, and on 10 February, 1930, filed a claim for the loss of the mule that died and for injury to the others as specified, amounting to $273.88. The veterinarian for the defendant, who was employed as inspector at the National Stock Yards in Illinois, inspected the shipment on 4 February, 1930, at the National Stock Yards. He said: "There were no visible signs of any injury or sickness. I examined the interior of the car, Southern No. 45244, in which the animals were loaded, for protruding nails, bolt heads or any other article that would produce injury, just prior to loading and everything was in good condition. The car was not over-crowded. None of the mules were injured in any manner while being loaded in said car."

The defendant offered the testimony of all the freight conductors, yardmasters and stock agents that handled the mules from the National Stock Yards until arrival at Goldsboro. All of these witnesses testified without equivocation or contradiction that both the mules and the car were in good condition up to the time of the arrival at Goldsboro. There was further testimony, without equivocation or contradiction of the livestock agents who fed the mules, that they were properly fed, watered and rested during transit.

Appropriate issues were submitted to the jury and answered in favor of plaintiff. The verdict awarded damages in the sum of $193.88 for the mule that died and $80.00 for injuries to other mules in the car.

*Kenneth C. Royall and Andrew C. McIntosh for plaintiff.*
*Langston, Allen & Taylor for defendant.*

PER CURIAM. The evidence for plaintiff tended to show:

(a) That twenty-four mules were delivered at the National Stock Yards, Illinois, to the defendant carrier in good condition, and at the time of delivery said animals were quiet, gentle mules.

(b) The car in which the mules were shipped, was carefully inspected before the movement began and was found to be in good condition and free from any and all defects that might cause injury.

(c) When the car arrived at Goldsboro, N. C., the point of destination, several slats were broken, several were out, and there were cracks about five inches wide.

(d) At the time of delivery of the mules at destination four mules were bruised, one skinned and two sick. One of the sick mules died a few hours after delivery.

Upon appropriate issues arising upon the pleadings the trial judge instructed the jury in part as follows: "I charge you that if you find by the greater weight of the testimony that upon the arrival of the stock in Goldsboro that they were in a damaged condition and that such damaged condition was not due to natural causes or from innate and vicious nature of the animals, then I instruct you, if you find that to be true, that would be evidence against the Southern Railway from which you might or might not find that such condition of the stock was due to the negligence of the defendant. The rule being that when stock in a damaged condition, not caused by natural causes, or by the innate or vicious nature of the stock, is found in the possession of the carrier, the presumption is that the carrier in whose possession the stock is found in such damaged condition, and not due to the natural causes or innate vicious nature of the stock, is responsible for the injury sustained. That is, not that the burden is shifted from plaintiff to the defendant, but the finding of the stock in a damaged condition, not due to natural causes or innate viciousness of the animals, if found in the possession of the carrier, is enough evidence to go to the jury, from which evidence the jury may or may not find by the greater weight of evidence that the damage to the stock was caused by the negligence of the carrier in whose possession it is found."

This instruction correctly applies the rule of liability declared in *Farming Co. v. R. R.,* 189 N. C., 63, 126 S. E., 167, and *Davis Livestock Co. v. Davis,* 188 N. C., 220, 124 S. E., 157, and other cases of similar import. While there is a divergence of judicial opinion upon the rules of liability in such cases in other jurisdictions, this Court has adhered to the principle contained in the instruction of the trial judge.

No error.