H. S. PRECYTHE, TRADING AS SOUTHERN PRODUCE DISTRIBUTORS, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 30 March, 1949.)

**1. Carriers § 11—**

A shipper makes out a *prima facie* case by showing delivery of perishables to the carrier in good condition and delivery to the consignee at destination in bad condition.

**2. Same: Trial § 23b—**

A *prima facie* case takes the question to the jury and permits but does not compel a finding for plaintiff.

**3. Carriers § 11: Evidence § 7e—**

When plaintiff makes out a *prima facie* case, the burden of going forward with the evidence shifts to defendant, but if defendant elects to offer no evidence he merely assumes the risk of an adverse verdict.

**4. Carriers § 11—**

The original carrier is liable to the shipper for loss occasioned by negligence of its connecting carrier.

**5. Same—**

It is the duty of a common carrier to transport perishable goods in proper cars and to use reasonable care for their preservation and prompt delivery.

**6. Same—Evidence held for jury on issue of carrier's negligence resulting in loss of shipment of perishables.**

Plaintiff shipper offered evidence that perishables were delivered to defendant carrier in good condition for shipment uniform straight bill of lading, standard refrigeration, and were delivered by connecting carrier to the consignee in bad condition. Defendant's evidence as to the time consumed in transportation and care used for preservation of the shipment disclosed that the shipment was not made by the shortest route and that 43½ hours elapsed between the last re-icing of the car and its delivery on the consignee's private track, and that the car was not re-iced at the last terminal yard as required by the rules. *Held:* The evidence was sufficient

. to go to the jury on the issue of the carrier's negligence, and the granting of its motion to nonsuit was error.

**7. Same—**

Defendant carrier's contention that its liability for care of a shipment of perishables ceased upon delivery of the car on consignee's private track is not determinative when there is evidence of negligent failure to exercise due care for the preservation of the shipment resulting in the damage prior to delivery of the car on the consignee's track.

APPEAL by plaintiff from *Williams, J.,* at October Term, 1948, of WAYNE.

This is a civil action to recover damages for the loss of a carload of cucumbers shipped by the plaintiff from Faison, N. C., on 13 July, 1944, to the Naval Supply Depot, Seawell's Point, Norfolk, Va.

The 550 bushel baskets of cucumbers were shipped in car FGEX No. 15336, freight prepaid, on a uniform straight bill of lading "Standard Refrigeration." The car was iced in Wilmington, N. C., 12 July, 1944, and arrived at Faison the next morning, and was loaded during the day and part of the night on the 13th. According to the records of the defendant, the car left Faison, N. C., at 4:30 a.m., 14 July, 1944, and arrived in Rocky Mount at 7:10 a.m., and was re-iced, the re-icing being completed at 12:34 p.m. The car was moved from Rocky Mount by the defendant at 7:10 p.m. on the 14th, and delivered to the Virginian Railway Company at Jarrett, Virginia, at 11:14 p.m. the same day. The Virginian Railway Company moved the car from Jarrett around 6:00 p.m. the next day and it arrived at Seawell's Point five hours later, on Saturday, 15 July, 1944, and was placed on the delivery track at 8:00 a.m., Sunday, 16 July. The consignee was not notified until Monday, 17 July, at which time an official U. S. Government Inspector found the condition of the car to be "hatch covers closed, plugs in, bunkers ice about 1½ feet deep at bottom" and the cucumbers decayed to such an extent they were rejected. The car was thereafter re-iced at Norfolk on the 18th or 19th and reconsigned by the Virginian Railway Company to a produce firm in Pittsburgh, which firm also rejected the shipment.

The evidence is conflicting as to the original instructions for routing this shipment. The plaintiff testified he gave the local agent of the defendant the name of the consignee and requested him to ship by "the nearest route," which would have been directly from Faison to Rocky Mount, thence to Norfolk, over the defendant's road, some 24 miles shorter than by way of Jarrett, Va. The defendant offered evidence tending to show the plaintiff gave the shipping instructions.

According to the testimony of the inspector for the State and Federal Departments of Agriculture, this shipment was in good condition when it left Faison, N. C., and according to the defendant's evidence, "this

being a Government car of produce, it was entitled to prompt delivery," and was supposed to be re-iced at all regular icing stations, and "to be. looked after at destination until actually delivered."

Certain rules governing the shipment of perishable goods were introduced· by the defendant, among them being Rule 225 governing Standard Refrigeration Service, and Section (B) reads, in part, as follows : "After arrival of car in terminal train yard serving destination, and up to the time car is in process of unloading on team track, or until private lock or seal has been applied to car, or until car has been placed on private track, carriers will examine bunkers or tanks daily and re-ice to capacity when necessary."

The motion of defendant for judgment as of nonsuit at the close of plaintiff's evidence, was overruled, but allowed when renewed at the close of all the evidence. The plaintiff appeals, assigning error.

*Langston, Allen & Taylor for plaintiff.*.

*Thomas W. Davis, V. E. Phelps, D. H. Bland, and W. B. R. Guion for defendant.*

DENNY, J.   We think the evidence adduced in the trial below is sufficient to warrant the submission of this case to the jury.

The burden of proving the carrier's negligence was upon the plaintiff, and he made out a *prima facie* case when he introduced evidence to show delivery· of the shipment to the defendant in good condition and its delivery to the consignee in bad condition. *Chesapeake & Ohio Railway Co. v. Thompson Mfg. Co.,* 270 U.S. 416, 70 L. Ed. 659; *Fuller v. R. R.,* 214 N.C. 648, 200 S.E. 403; *Edgerton v. R. R.,* 203 N.C. 281, 165 S.E. 689; *Moore v. R. R.,* 183 N.C. 213, 111 S.E. 166; *Bivens v. R. R.,* 176 N.C. 414, 97 S.E. 213.   Upon such showing a plaintiff is entitled to go to the jury, and the jury may, but is not compelled to find for him.   However, in such cases; the burden of going forward with the evidence shifts to the defendant and if the defendant elects to offer no evidence he merely assumes the risk of an adverse verdict.   *Vance v. Guy,* 224 N.C. 607, 31 S.E. 2d 766; *Star Mfg. Co. v. R. R.,* 222 N.C. 330, 23 S.E. 2d 32; *McDaniel v. R. R.,* 190 N.C. 474, 130 S.E. 208; *Speas v. Bank,* 188 N.C. 524, 125 S.E. 398.

Whether the defendant and its connecting carrier for whose negligence, if any, the defendant is liable, *Moore v. R. R., supra,* were negligent in failing to move this shipment from Faison to Seawell's Point more promptly, or in failing to re-ice the car, as required by the rules and regulations governing the shipment of perishable goods by standard refrigeration, or the damages were sustained by reason of the inherent

condition of the shipment, are. questions of fact to be determined by a jury.

It is the duty of a common carrier to transport perishable goods in proper cars and to use reasonable care for their preservation and prompt delivery. *Bivens v. R. R., supra; Forrester v. Railroad,* 147 N.C. 553, 61 S.E. 524.

The defendant insists that the destination of this shipment was to a point on a private track owned by the Government of the United States, and that its liability ended the moment the car was placed on such track. Conceding this to be so, the car in question was not so placed until Sunday morning, 16 July, 1944, at 8 :00 a.m., 43½ hours after its last re-icing in Rocky Mount. It appears from the record the car arrived at the terminal yards of the delivering carrier at Norfolk or Seawell's Point, at 11 :00 p.m. the previous day, and according to Rule 225 set forth above: "After the arrival of the car in the terminal yards serving destination, and up to the time car is in process of unloading . . . or until car has been placed on private track, carriers will examine bunkers or tanks daily and re-ice to capacity when necessary."

We note from the defendant's evidence that when it made out its report to its connecting carrier on the exchange of cars, this particular shipment was listed as originating at Faison, N. C., and the final destination was given as Norfolk, Va. Therefore, we presume that Seawell's Point is just one of many delivery points in the Norfolk area, served by the terminal yards of the Virginian Railway Company in Norfolk.

We think the court committed error in sustaining the defendant's motion for judgment as of nonsuit, and the plaintiff's exception thereto will be upheld.

Reversed.