W. A. DEAL & CLAUDE RUDISILL, T/A FOUR POINT BARGAIN CENTER v. FREDRICKSON MOTOR EXPRESS CORPORATION

No. 6925DC90

(Filed 30 April 1969)

Carriers § 10— injury to goods in transit — prima facie case

In an action to recover for damage to a stove top delivered by defendant, the terminal carrier, to the plaintiffs, plaintiffs fail to make out a prima facie case of the defendant's negligence where their evidence merely consisted of (1) the initial shipper's bill of lading which contained the proviso that "the property described below, in apparent good condition, except as noted (contents and condition of contents of package unknown)," and (2) testimony that plaintiffs received the property from the defendant shipper and found it damaged.

APPEAL by defendant from *Evans, J.,* at the 30 September 1968 Civil Session of CATAWBA District Court.

This is an action by plaintiffs to recover for damage to a stove top delivered by defendant, a common carrier, to plaintiffs. Jury trial was waived. The evidence and stipulations are summarized as follows:

Plaintiff purchased the stove top by telephone or mail from McKenzie Supply Company (McKenzie) in Lumberton, N. C. At the time of delivery by McKenzie to Adley Express Company (Adley), the initial carrier, the stove top had been tightly crated in "real stiff" cardboard, stapled together. Adley issued its bill of lading covering "1 stove top" to be shipped by McKenzie, Lumberton, N. C., to Four Point Bargain Center, Hickory, N. C. The bill of lading was on a printed form which contained the following proviso: "The property described below, in apparent good order, except as noted (contents and condition of contents of package unknown) * * *." Adley transported the stove top to Charlotte, N. C., where it was delivered to defendant and by it transported and delivered to plaintiffs in Hickory. Plaintiff Rudisill testified that he received the property from defendant, that the carton was in good shape at the time, and that he signed defendant's receipt which contained the proviso, "received the above described property in good condition, except as noted"; he further testified that he did not note any exception on the receipt. After opening the carton, plaintiffs found that the porcelain on the stove top was chipped in several places.

Plaintiffs introduced the bill of lading in evidence but offered no other evidence as to the condition of the stove top at the time it was delivered by McKenzie to Adley in Lumberton. The trial court rendered judgment in favor of plaintiffs from which defendant appealed.

*Joe P. Whitener for plaintiff appellees.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston by Gaston H. Gage for defendant appellant.*

BRITT, J.

Defendant assigns as error the failure of the trial court to grant its motion for nonsuit interposed at the close of plaintiffs' evidence and renewed at the close of all the evidence.

Plaintiffs contend that the bill of lading issued by the initial carrier in Lumberton created a presumption that the stove top was received for shipment in good condition; that by introducing the bill of lading in evidence and offering evidence that the property was found damaged when received by the consignee, plaintiffs made out

a *prima facie* case. Our review of pertinent Supreme Court decisions impels us to disagree with this contention.

In *Precythe v. R. R.*, 230 N.C. 195, 52 S.E. 2d 360, in an opinion by Denny, J. (Later C.J.), we find the following:

> "The burden of proving the carrier's negligence was upon the plaintiff, and he made out a *prima facie* case when he introduced evidence to show delivery of the shipment to the defendant in good condition and its delivery to the consignee in bad condition. *Chesapeake & Ohio Railway Co. v. Thompson Mfg. Co.*, 270 U.S. 416, 70 L. Ed. 659; *Fuller v. R. R.*, 214 N.C. 648, 200 S.E. 403; *Edgerton v. R. R.*, 203 N.C. 281, 165 S.E. 689; *Moore v. R. R.*, 183 N.C. 213, 111 S.E. 166; *Bivens v. R. R.*, 176 N.C. 414, 97 S.E. 213. Upon such showing a plaintiff is entitled to go to the jury, and the jury may, but is not compelled to find for him. However, in such cases, the burden of going forward with the evidence shifts to the defendant and if the defendant elects to offer no evidence he merely assumes the risk of an adverse verdict. *Vance v. Guy*, 224 N.C. 607, 31 S.E. 2d 766; *Star Mfg. Co. v. R. R.*, 222 N.C. 330, 23 S.E. 2d 32; *McDaniel v. R. R.*, 190 N.C. 474, 130 S.E. 208; *Speas v. Bank*, 188 N.C. 524, 125 S.E. 398."

In *Riff v. R. R.*, 189 N.C. 585, 127 S.E. 588, two cases of sweaters were shipped from New York to plaintiff in Albemarle, N. C. The bill of lading acknowledged receipt by the initial carrier of "two cases knit goods in apparent good condition, contents and condition of contents of packages unknown." Plaintiff contended that twenty-eight of the sweaters were missing when he opened the packages in Albemarle, and he brought action to recover the value of the missing sweaters from the terminal carrier. The court held that "[p]laintiff assumed the burden of proving, by evidence, that the twenty-eight sweaters alleged to have been lost, were in the case when same was delivered to the initial carrier, and were missing when the case was delivered to plaintiff by the defendant." The court further held:

> "Where there is a general description of packages received for shipment, qualified by the statement in the bill of lading that the contents of the packages are unknown, and the contents are not subject to ordinary inspection, and there is an allegation of shortage in the number of articles in the packages at delivery, *the bill of lading, by reason of the qualification is not sufficient alone as evidence to sustain the allegation of shortage; it is, however, competent as evidence.* * * *"" (Emphasis added.)

In *Brown v. Express Co.*, 192 N.C. 25, 133 S.E. 414, it is said:

"Conceding that it was incumbent upon the plaintiff to offer evidence tending to show that the property was originally delivered to the carrier in good condition, the express receipt or bill of lading is evidence of the fact that the merchandise was delivered in good condition *in the absence of notation or entry thereon to the contrary.* * * *"" (Emphasis added.)

The bill of lading issued by the initial carrier in the case before us contained an acknowledgment of receipt of "the property described below, in apparent good condition, except as noted (contents and condition of contents of package unknown) * * *." Plaintiffs contend that the words "contents and condition of contents of package unknown" contained in the bill of lading does not have the effect of qualifying the declaration that the property was received in good order and cites the case of *Mfg. Co. v. R. R.*, 121 N.C. 514, 28 S.E. 474. A study of the cited case reveals that the bill of lading issued in that case contained provision almost identical to those contained in the bill of lading issued in this case. Although the court upheld a judgment in favor of the plaintiff against the terminal carrier, the decision appears to have turned on the fact that at the time the terminal carrier received the goods from the preceding carrier the terminal carrier's agent marked on the way-bill "O.K." In the opinion, the court stated that "it seems to be agreed that O.K. means all right or in good condition." There was no evidence of similar import in the instant case.

We hold that the evidence was insufficient to survive the motions for nonsuit. In view of this holding, we do not deem it necessary to pass upon the other questions raised in defendant's brief; nor do we deem it necessary to pass upon the demurrer *ore tenus* filed in this Court. The judgment appealed from is

Reversed.

MALLARD, C.J., and PARKER, J., concur.