WEIL'S, INCORPORATED v. OVERNITE TRANSPORTATION CO.

No. 718DC119

(Filed 23 June 1971)

**Carriers § 10— injury to goods in transit — negligence of carrier — evidence**
Corporate plaintiff's failure to show that a table was damaged at the time when a common carrier delivered it to the plaintiff warrants a directed verdict in favor of the carrier on the issue of its negligence in causing the damage.

APPEAL by defendant from *Nowell, District Judge,* 14 September 1970 Session of District Court held in WAYNE County.

This is an action against a common carrier to recover for damages to a table which defendant delivered to plaintiff from the manufacturer. From judgment entered on a verdict awarding damages of $1.00, defendant appealed.

*Taylor, Allen, Warren and Kerr by John H. Kerr for plaintiff appellee.*

*J. Faison Thomson, Jr. for defendant appellant.*

VAUGHN, Judge.

The question we consider is whether the court erred when it declined to grant defendant's motions for a directed verdict

made at the close of plaintiff's evidence and at the close of all the evidence.

It was incumbent upon the plaintiff to prove that the damage to the table was caused by defendant's negligence. Absent direct evidence of negligence by the carrier, plaintiff could make out a *prima facie* case by showing: (1) That the table was delivered to the carrier in good condition; and (2) that the table was damaged when delivered by the carrier to the plaintiff's consignee. Such evidence would have entitled plaintiff to go to the jury and the jury would have been permitted but not compelled to find for the plaintiff. *Precythe v. R.R.*, 230 N.C. 195, 52 S.E. 2d 360. We conclude, however, that the present plaintiff is proscribed from benefit from the foregoing by reason of the substantial hiatus in its evidence. Plaintiff offered no evidence that the table was damaged *when delivered by the carrier.*

Plaintiff's evidence is conflicting as to when the damage was discovered. In the light most favorable to plaintiff, the evidence tends to show that the day after the table was delivered one of plaintiff's employees observed a crease in the carton in which it was packed. At that time the package was on the second floor of plaintiff's building about 15 feet from an elevator. Several days thereafter the package was opened and some damage to the table was then discovered. Plaintiff's evidence tended to show that Mrs. Ruby Gurley was plaintiff's receiving clerk and signed the freight bill for the shipment. The freight bill contained the following: "Received the above property in good condition except as noted." There were no notations of damage on the freight bill. Mrs. Gurley did not testify. Plaintiff offered no other evidence tending to show the condition of the package when it was delivered or what happened to the package after it was delivered. Defendant's driver testified that he took the package to plaintiff's loading dock, was told to take it to plaintiff's elevator and did so. The driver testified that he noticed no damage to the package; that Mrs. Gurley looked at the package, signed the freight bill and said nothing to indicate that there was anything wrong. There was no evidence to show what happened to the package during the time it was in plaintiff's possession after delivery and before discovery of the damage. Plaintiff offered no evidence to show by whom it was handled or the degree of care exercised in its handling.

We hold that the evidence was insufficient to survive defendant's motions for a directed verdict. We do not, therefore, think that it is necessary to discuss the other questions raised in the briefs of the parties. The judgment appealed from is reversed.

Reversed.

Chief Judge MALLARD and Judge PARKER concur.