AMERICAN HOME PRODUCTS CORP., D/B/A AMERICAN HOME FOODS v. HOWELL'S MOTOR FREIGHT, INC.

No. 7926SC762

(Filed 15 April 1980)

**Carriers § 10.1— damage to goods being transported—negligence of carrier**

> Plaintiff's evidence was sufficient for the jury on the issue of negligence on the part of defendant common motor carrier in an action to recover for damages to frozen pizzas being transported by defendant to plaintiff's consignee where it tended to show that the pizzas were delivered to defendant at plaintiff's warehouse; notations on the bill of lading showing that the goods were frozen food and must be maintained at 0°F temperature were sufficient to overcome the statement on the bill of lading that "contents of package unknown," and the bill of lading was thus evidence that the goods were delivered in good condition to defendant; the pizzas were refused by the consignee because they were damaged; defendant subsequently retained possession of the pizzas for an undisclosed length of time and ultimately returned the goods to plaintiff's warehouse; and, when returned to plaintiff, the pizzas were damaged and not salable.

APPEAL by defendant from *Grist, Judge*. Judgment entered 6 April 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 28 February 1980.

Plaintiff brought this civil action to recover for damage to frozen foods being transported by defendant for plaintiff to plaintiff's consignee, Thomas & Howard Company. Plaintiff alleged that: Defendant was engaged in interstate transportation for hire by motor carriage of various types of property and merchandise. On or about 29 August 1973, 650 cases of frozen food were delivered to defendant in Norfolk, Virginia for delivery to plain-

tiff's customer, Thomas & Howard Company, in Fayetteville, North Carolina. Upon tender of the shipment, Thomas & Howard refused delivery because of the unfit condition of the goods. Plaintiff alleged that defendant received and accepted the goods in good condition, but handled the goods negligently and carelessly so as to render them worthless when they reached their destination. Plaintiff claimed damages in the amount of $5,491.50, duly filing claim of loss with defendant, but defendant failed and refused to pay plaintiff's loss. Defendant answered, denying the essential allegations of the complaint. The jury returned a verdict answering the issue of negligence in favor of plaintiff and awarded damages in the sum of $4,966. From judgment on the verdict, defendant appeals.

*O. W. Clayton for the plaintiff appellee.*

*Lindsey, Schrimsher, Erwin, Bernhardt & Hewitt, P.A., by Lawrence W. Hewitt, for the defendant appellant.*

WELLS, Judge.

In its first assignment of error, defendant argues that the trial court erred in denying its motion for a directed verdict at close of plaintiff's evidence under G.S. 1A-1, Rule 50(a). This assignment must be overruled. On a motion for directed verdict at the close of the plaintiff's evidence in a jury case, the evidence must be taken as true and considered in the light most favorable to plaintiff, and the motion may be granted only if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974). 5A Moore's Federal Practice ¶ 50.02[1] (2d ed. 1971). All the evidence which tends to support plaintiff's claim must be taken as true and viewed in the light most favorable to it, giving it the benefit of every reasonable inference which may legitimately be drawn therefrom. *Bowen v. Gardner*, 275 N.C. 363, 168 S.E. 2d 47 (1969); *Jenkins v. Starrett Corp.*, 13 N.C. App. 437, 186 S.E. 2d 198 (1972). Plaintiff presented two witnesses: Kroeper, its traffic manager of frozen food products; and Smatlak, its director of quality control. Kroeper testified that in the summer and fall of 1973, his company was using Jackson Atlantic Freezer Company facilities to warehouse and store frozen pizzas. The pizzas were required to be stored at zero degrees Fahrenheit or lower. Pizzas are shipped

from the warehouse upon a bill of lading from the warehouse evidencing shipment. Regarding the shipment on 29 August 1973, he first learned of the problems with the shipment through a telephone call from defendant's president, Norris. The call was made during the first week of October 1973. Norris informed Kroeper that Thomas & Howard had refused the shipment because of time of day and high temperature. During the conversation, Kroeper authorized Howell's to return the shipment to Jackson Atlantic Freezer warehouse. Norris did not explain where the pizzas had been between 29 August 1973 and the first week of October, the time of the conversation. Kroeper identified the bill of lading under which the pizzas were shipped, delivery tickets showing initial delivery of the pizzas to the warehouse, and plaintiff's notice of claim. During Kroeper's testimony, plaintiff and defendant stipulated that the amount of damage to the pizzas was $4,966.

Smatlak testified that plaintiff requires storage of their products at or below zero degrees Fahrenheit at all times between manufacture and ultimate disposal at the store, and that storage above zero could damage the quality of the product and render it inedible and a health hazard. He learned of the problems with the shipment from the traffic department. He subsequently inspected the pizzas at Jackson Atlantic warehouse in the presence of the warehouse manager and defendant's Norfolk terminal manager. His examination disclosed that many of the cartons had been crushed, some were open at the ends, many of the pizzas were in a condition which showed they had been allowed to thaw and had subsequently been refrozen, and that the pizzas were not salable.

The defendant interstate carrier's liability for damage to the frozen pizzas is governed by 49 U.S.C. § 20(11). Plaintiff's evidence clearly showed that the goods were delivered to defendant at the warehouse, that defendant subsequently attempted delivery to the consignee, that the goods were refused by the consignee as unacceptable, and that the defendant subsequently retained possession of the goods for an undisclosed length of time and ultimately returned the goods to the warehouse, the point of origin. Plaintiff's evidence tending to show delivery of the goods to the defendant carrier in good condition and the delivery of the goods to the consignee in a damaged condition made out a *prima facie* case of negligence. *Federated Dept. Stores, Inc. v. Brinke,*

450 F. 2d 1223 (5th Cir. 1971); *Bennett v. R.R.*, 232 N.C. 144, 59 S.E. 2d 598 (1950). The bill of lading is evidence of the fact that the goods were delivered in good condition in the absence of notation or entry thereon to the contrary. *U.S. v. Mississippi Val. Barge Line Co.*, 285 F. 2d 381 (8th Cir. 1960); *Brown v. Express Co.*, 192 N.C. 25, 133 S.E. 414 (1926). In *Deal v. Motor Express Corp.*, 4 N.C. App. 487, 167 S.E. 2d 79 (1969) this Court held that while a non-notated bill of lading was some evidence of good condition at time of receipt, it was not sufficient alone to survive a motion for directed verdict where the bill of lading contained the words "in apparent good order, contents and condition of package unknown." While the bill of lading in the case *sub judice* contained the same limitation as to condition, it also contained the following notations: "Food, prepared, frozen." "0 [degrees] F. temperature must be maintained." We believe that these notations show the frozen condition of the goods at delivery to the carrier sufficiently to overcome the negative import of the standard entry of "contents of package unknown." Plaintiff's evidence clearly showed that upon its first inspection of the goods subsequent to their receipt and transportation by defendant, the goods were damaged beyond use. This evidence was sufficient to take the case to the jury on the issues of negligence and damages.

In passing upon defendant's motion for a directed verdict at the close of all the evidence, any of the defendant's evidence which tends to contradict or refute the plaintiff's evidence is not considered, but the other evidence presented by a defendant may be considered to the extent that it clarifies the plaintiff's case. *Jenkins v. Starrett Corp.*, 13 N.C. App. 437, 186 S.E. 2d 198 (1972). The issue is the same with respect to the trial court's denial of defendant's motion for judgment NOV. *Nytco Leasing v. Southeastern Motels*, 40 N.C. App. 120, 252 S.E. 2d 826 (1979). Defendant presented the testimony of its Norfolk terminal manager, whose testimony clarified the plaintiff's evidence of the delivery of the load of pizzas to defendant for ultimate delivery to the consignee, Thomas & Howard Co., and that the pizzas were returned undelivered to defendant's terminal. His testimony tended to support plaintiff's evidence of damage to the shipment. For the foregoing reasons defendant's second and third assignments of error are overruled.

---

Defendant's remaining assignment of error relates to the court's charge to the jury on the aspect of plaintiff's *prima facie* case as being sufficient to go to the jury. We have examined the charge and find it to be without error.

No error.

Judges HEDRICK and WEBB concur.