E. F. Hutton and Co. v. Sexton

---

E. F. HUTTON AND COMPANY, INC., AND JAMES GARLAND WEAVER
v. FRED SEXTON

No. 8026SC131

(Filed 19 August 1980)

1. Contracts § 27.1– purchase of commodities futures – existence and breach of contract – sufficiency of evidence

There was sufficient evidence to take plaintiff's case to the jury on the issues of existence and breach of contract and damages where the evidence tended to show that an account executive with plaintiff contacted defendant in an effort to sell contracts for commodities futures to defendant; defendant executed an E.F. Hutton, Inc. customer agreement; defendant authorized plaintiff's account executive to buy two contracts of soybeans and four contracts of soybean oil; the orders were promptly executed; at the close of the market day, the account executive called defendant and asked him to send a check for $10,000 to cover the transactions, defendant having sustained a loss of approximately $9,000; defendant refused to pay; the account executive informed defendant that, if he did not remit $10,000, the contracts would be liquidated and the paper loss would then become a real loss; and defendant informed him that he had no intention of remitting the $10,000.

2. Contracts § 28– account executive of stock brokerage firm – contract with customer – improper instructions

In an action by a stock brokerage firm and an account executive with the firm to recover for breach of contract to purchase certain commodity fu-

tures, the trial court's instructions which permitted the jury to find whether there was a contract between the account executive and defendant, whether there was a breach, and the amount of damages require a new trial, since the complaint alleged no contract between the account executive and defendant; the evidence showed no contract between the two; and the claim of the account executive was rooted in his being subrogated to a portion of the claim of plaintiff firm for which he worked.

APPEAL by plaintiff from *Howell, Judge.* Judgment entered 14 September 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 10 June 1980.

This action was brought to recover judgment against defendant for breach of contract for the purchase of soybean and soybean oil commodity futures.

At trial, plaintiffs' evidence consisted of the testimony of plaintiff Weaver and Newton Martin, both account executives of Hutton, a customer's agreement signed by defendant, and four commodity purchase order forms. Weaver testified on direct that he was employed by plaintiff Hutton as an account executive specializing in commodities. Between March 1976 and April 1977 he contacted defendant a number of times in efforts to sell contracts for commodities futures to defendant. On 23 March 1977, defendant executed an E. F. Hutton, Inc. customer agreement. On 4 or 5 April 1977, he called defendant to recommend that defendant purchase soybeans and soybean oil contracts. He called defendant three or four days later to make the same recommendation. On 12 and 13 April 1977, he called defendant again to recommend such purchases, stating to defendant that he thought soybeans were undervalued.

On 13 April defendant authorized him to buy two contracts of soybeans and four contracts of soybean oil. The orders were promptly executed. At about 11:15 on that morning, he called defendant to inform him that the two contracts for soybeans were purchased at a price of $10.54 a bushel and the contracts for soybean oil were purchased at $31.65 a bushel. At about 1:20 P.M. on the same day he called defendant to inform him that due to market conditions on soybeans, defendant had approximately $4,000 in losses on the contracts. He recommended that defendant retain his contracts through the close of that market

E. F. Hutton and Co. v. Sexton

day. After the market closed that day, he called defendant again and asked him to send a check for $10,000 to cover the transactions. Defendant indicated his hesitancy to send payment. The next morning, he visited defendant to inform him that his loss was about $9,000.00. Defendant refused further requests for payment for the purchases. He informed defendant that if he did not remit $10,000.00 the contracts would be liquidated and the paper loss would then become a real loss. Defendant informed him later that day that he had no intention of remitting the $10,000.00. Defendant did not instruct him whether to sell or hold the contracts.

On cross-examination, Weaver testified that the contracts were liquidated on the following day at losses totalling $13,158.90. Soybeans went back up three days after and if defendant had "stayed in his position, he would not have lost any money." Hutton deducted $1,500 or $2,000 from his salary against the losses on defendant's contracts.

Martin testified that he spoke with defendant by telephone on 13 April and explained the condition of the soybean market and defendant's losses. He had previously opened defendant's account with Hutton and placed the transactions. He discussed with defendant the method of payment for his transactions. On 14 April he called defendant to inquire if defendant intended to honor his order and to advise defendant that he would probably incur substantial losses. Defendant indicated that he would not send any money. He then informed defendant that if "the client breaches the faith in regard to an order that ... Hutton requires that the position be liquidated immediately." Defendant said he had no intention of sending the money, and his "position" was immediately liquidated "at the market".

On cross-examination, Martin testified that he had paid a portion of the losses sought to be recovered by Hutton. His testimony was that he could not say exactly how much, but that the amount he paid could have been as much as between $3,000.00 and $13,000.00. At the close of the plaintiff's evidence, the trial court granted defendant's motion for a directed verdict as to plaintiff E. F. Hutton, but denied it as to plaintiff Weaver. The jury returned a verdict in favor of plaintiff Weaver in the

sum of one dollar. Plaintiff Weaver's motion for a new trial on the issue of damages was denied. Plaintiff Hutton appeals from the granting of defendant's motion for directed verdict as to it. Plaintiff Weaver appeals from the denial of his motion for a new trial on damages.

*Walker, Palmer & Miller, P.A., by Douglas M. Martin, for plaintiff appellants.*

*Edgar R. Bain for defendant appellee.*

WELLS, Judge.

[1] We first address plaintiff Hutton's argument that the trial court erred in granting defendant's motion for a directed verdict as to it. On a motion for directed verdict at the close of the plaintiff's evidence in a jury case, the evidence must be taken as true and considered in the light most favorable to the plaintiff, and the motion may be granted only if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff. All the evidence which tends to support plaintiff's claim must be taken as true and viewed in the light most favorable to it, giving it the benefit of every reasonable inference which may legitimately be drawn therefrom. *Dickinson v. Pake,* 284 N.C. 576, 201 S.E. 2d 897 (1974); *Home Products Corp. v. Motor Freight, Inc.,* 46 N.C. App. 276, 264 S.E. 2d 774, *disc. rev. denied,* 300 N.C. 556,_____S.E. 2d____(1980). Viewed in this light, we hold that there was sufficient evidence to take Hutton's case to the jury on the issues of existence and breach of contract, and damages. Since there must be a new trial as to Hutton, we do not reach its other assignments of error.

[2] Plaintiff Weaver assigns as error the portion of the trial court's instructions to the jury on the issue of damages, contending that the court's instructions improperly limited the jury to an award of lost commission income or nominal damages, thereby prohibiting the jury from considering the monetary loss suffered by Weaver as a result of deductions made by Hutton from his salary or commissions. The error goes deeper than that. The issues submitted to the jury and their answers were as follows:

E. F. Hutton and Co. v. Sexton

1. Was there a contract between the plaintiff, James Garland Weaver and the defendant, Fred Sexton, as alleged in the Complaint.

ANSWER: YES.

2. If so, did the defendant, Fred Sexton, breach the contract, as alleged by the plaintiff, James Garland Weaver?

ANSWER: YES.

3. What amount of damages is the plaintiff, James Garland Weaver, entitled to recover of the defendant, Fred Sexton, for breach of contract?

ANSWER: $1.00.

Upon these issues, the trial court charged the jury generally as to the law applicable to contract, breach of contract, and damages, all within the context of an alleged contract between Weaver and defendant. The complaint alleged no contract between Weaver and defendant. The evidence showed no contract, express or implied, between Weaver and defendant. Plaintiff Weaver's claim, if any, is rooted in his being subrogated to a portion of Hutton's claim, *see, Insurance Co. v. Insurance Co.,* 277 N.C. 216, 176 S.E. 2d 751 (1970), and it is upon this theory of law that the trial judge should have instructed the jury. Weaver is entitled to a new trial.

Weaver argues, however, that his new trial should be limited to the issue of damages alone. We disagree. For the reasons stated earlier, the matter must be retried *in toto.*

The judgment of the trial court granting defendant's motion for a directed verdict as to plaintiff Hutton and the court's order denying plaintiff Weaver's motion for new trial are reversed, and the case is remanded for a new trial as to all parties.

Reversed and remanded.

Chief Judge MORRIS and Judge VAUGHN concur.